# REPORTS OF CASES

### DETERMINED BY

# THE SUPREME COURT

#### OF THE

# STATE OF NEVADA

## OCTOBER TERM, 1916

[No. 2231]

## THE STATE OF NEVADA, RESPONDENT, v. J. F. ENKHOUSE, APPELLANT.

[160 Pac. 23]

1. MAYHEM—INFORMATION—OBJECTION TO SUFFICIENCY—TIME.

An information charging mayhem in the language of Rev. Laws, 6416, defining the offense as unlawfully depriving a human being of a member of his body, or disfiguring or rendering it useless, such as slitting the ear, without charging permanent disfigurement, which, under section 6418, is necessary to conviction, is nevertheless good in the absence of demurrer.

2. MAYHEM—INFORMATION—SUFFICIENCY—"SLIT."

Under Rev. Laws, 6416, defining mayhem to include slitting the ear of a human being, and in view of section 6417, stating that it is immaterial how the injury is inflicted, an information charging that accused bit off a portion of an ear of one C, is sufficient, though "slit" may be broader than "bite."

3. MAYHEM—EVIDENCE—SUFFICIENCY.

Evidence *held* to show permanent disfigurement so as to support conviction of mayhem.

4. CRIMINAL LAW—INSTRUCTIONS—INCLUDED OFFENSES.

Under conclusive evidence of permanent disfigurement, it is not error to refuse instruction permitting conviction of the lesser offense of assault, under Rev. Laws, 6418, which applies only if permanent disfigurement is not shown.

VOL. 40—1

5. CRIMINAL LAW—INSTRUCTIONS—PERMANENT DISFIGUREMENT—
PREJUDICE.

    An instruction to convict if permanent disfigurement is shown, though incomplete, in failing to define permanent disfigurement, is not prejudicial, where the evidence is without conflict as to extent of the injury which manifestly was a permanent disfigurement, especially in the absence of request for further instruction.

6. MAYHEM—SENTENCE—MINIMUM.

    Since Rev. Laws, 6416, providing a maximum punishment for mayhem of fourteen years, does not provide a minimum, the judge may fix the minimum at five years, under section 7260, as amended by Stats. 1915, c. 157, providing that if no minimum is fixed, the court may fix it at one to five years.

APPEAL from Sixth Judicial District Court, Humboldt County; *Edward A. Ducker*, Judge.

J. F. Enkhouse was convicted of mayhem, and he appeals.  **Affirmed.**

*Salter, Robins & Frame,* for Appellant:

The information does not state facts sufficient to constitute the offense for which the defendant was convicted; the court erred in instructing the jury as to matters of law, and in refusing to instruct the jury that an assault and battery, or an assault, was an offense included within the charge in the information; and there was insufficiency of evidence to support the verdict. (Rev. Laws, 6416, 6418.)

The act alleged in the information does not constitute the crime of mayhem, unless it resulted in a permanent disfiguration, a diminution of vigor, or other permanent injury. (*Green* v. *State*, 125 Am. St. Rep. 17; *State* v. *Abram*, 10 Ala. 928.)

The instruction of the court as to permanent disfigurement was a misstatement of the law, calculated to mislead the jury, and was prejudicial to the defendant. (*State* v. *Abram, supra.*)

It was error in the lower court to refuse to give the instruction requested by defendant, to the effect that if the jury entertained a reasonable doubt as to whether there was a permanent disfigurement they could convict the defendant of assault, or assault and battery only.

(*State* v. *Millain*, 3 Nev. 410; *State* v. *Dolan*, 50 Pac. 476; 12 Cyc. 639.)

The judgment of the trial court is erroneous, and should be reversed for the reason that the statute prescribes punishment for mayhem, and, while not in terms fixing the minimum, fixes the maximum punishment at fourteen years in the state prison. Under the statute the court had no power to fix the minimum imprisonment at five years. (Rev. Laws, 6283.)

*Geo. B. Thatcher*, Attorney-General, and *H. C. Price*, Deputy Attorney-General, for Respondent:

The allegations in the information are sufficient to constitute the offense of mayhem. The information charges that the defendant comitted the crime of mayhem by biting off with his teeth a portion of the right ear of one Cavaney, thereby disfiguring and disabling said ear. Under the statute, such an act constitutes the crime of mayhem. (Rev. Laws, 6416; *People* v. *Golden*, 62 Cal. 542.)

The fact that the information does not charge that the act resulted in permanent disfigurement of the ear does not affect the legality of the information. The evidence clearly shows that the disfigurement was permanent. (Rev. Laws, 6418; *Baker* v. *State*, 4 Ark. 56.)

There is no merit in appellant's contention that the judgment of the trial court is erroneous because it did not comply with the indeterminate sentence law in fixing the punishment. The statute provides that, where no minimum term of imprisonment is prescribed by law, the court shall fix the minimum term in its discretion at not less than one year nor more than five years. (Stats. 1915, p. 192.)

By the Court, NORCROSS, C. J.:

This is an appeal from a judgment of conviction of the crime of mayhem.

It is contended by appellant that the information does not state facts sufficient to constitute the offense for

which the defendant was convicted; that the court below erred in the giving and refusal of certain instructions and in fixing the minimum of punishment at five years' imprisonment; that the evidence is insufficient to support the verdict.

The charging part of the information reads as follows:

"That the said defendant, J. F. Enkhouse, did then and there wilfully, unlawfully, and feloniously deprive one J. A. Cavaney, a human being, of a member of his body, and did disable and disfigure said member in the manner following: That the said defendant, at the county of Humboldt, State of Nevada, on the date aforesaid, did then and there wilfully, unlawfully, and feloniously bite off with his teeth a portion of the right ear of the said J. A. Cavaney, then and there being, and thereby disabled and disfigured said ear."

1. The crime of mayhem is defined and governed by sections 151 to 153, inclusive, of the Crimes and Punishments Act (Rev. Laws, 6416–6418), which read:

"SEC. 151. Mayhem consists of unlawfully depriving a human being of a member of his or her body, or disfiguring or rendering it useless. If any person shall cut out or disable the tongue, put out an eye, slit the nose, ear, or lip, or disable any limb or. member of another, or shall voluntarily, or of purpose, put out an eye or eyes, every such person shall be guilty of mayhem. * * *

"SEC. 152. To constitute mayhem it is immaterial by what means or instrument or in what manner the injury was inflicted.

"SEC. 153. Whenever upon a trial for mayhem it shall appear that the injury inflicted will not result in any permanent disfiguration of appearance, diminution of vigor, or other permanent injury, no conviction for maiming shall be had, but the defendant may be convicted of assault in any degree."

The information was not demurred to. We think the objections to the information ought not to be regarded as well taken, at least in the absence of demurrer. The crime of mayhem is defined in section 151, *supra,* and it

is sufficient that the offense be charged in the language of the statute or its equivalent. While it is essential, under the provisions of section 153, *supra,* that the proof show that the injury or disfiguration is permanent, in order to warrant a conviction for mayhem, the definition of the crime prescribed in section 151 makes no reference to the permanency of the injury or disfiguration. Possibly this is because there is a presumption that a condition once shown to exist will continue unless the contrary is made to appear. We are clearly of the opinion that if there is any merit in the contention that the information should specifically allege the injury or disfiguration to be permanent in character, that the objection is of a nature which should be taken advantage of by demurrer.

**2.** It is conceded by counsel for appellant that if the information had charged appellant with unlawfully and maliciously slitting the ear of the said Cavaney, the information would have charged the crime *per se,* but because it is only charged that the appellant bit off a portion of the right ear, such allegation is not the equivalent of charging a slitting of the ear. While the word "slit" may have a broader definition than the word "bite" (*People* v. *Demasters,* 105 Cal. 669, 39 Pac. 35), the information in question here charges that the appellant did "bite off with his teeth a portion of the right ear   *   *   * and thereby disabled and disfigured said ear." The information, therefore, charges a completed act, which completed act is equivalent to a slitting of the ear, for, by the provisions of section 152, it is immaterial by what means the injury or disfigurement is effected.

**3.** There is no conflict in the testimony in so far as it showed that the defendant bit off a portion of the right ear of the said Cavaney during a personal encounter between the two following a dispute over a card game. There is no conflict in the evidence relative to the extent of the injury inflicted. The injured ear was submitted to the personal inspection of the jury. Dr. Wilson, a witness for the state, who attended Cavaney immediately after the injury was inflicted, testified that:

"About a fourth of the cartilage of the ear was off; all of what you call the top of the external ear is off and the posterior part of the ear is off down to about the middle of the outer edge."

The evidence is conclusive that, by the act of appellant in biting off the portion of the ear described, a permanent injury or disfiguration of the member was effected. The contention that the evidence is insufficient to support the verdict and judgment is therefore without merit.

4. It is contended that the court erred in refusing defendant's requested instruction which in effect advised the jury that in accordance with the provisions of section 153, *supra,* the jury could find the defendant guilty of assault. We think the court did not commit error in the refusing of this instruction. The evidence, without conflict and without question, showed that the injury inflicted resulted in a permanent disfiguration of appearance. There was no room for any question as to whether a lesser offense might have been committed. In such cases it is not error to refuse an instruction that a verdict for a lesser offense may be returned. (*State* v. *Johnny,* 29 Nev. 203, 223, 87 Pac. 3.)

5. Appellant assigns error in the giving of instruction No. 8, given by the court of its own motion. The portion of the instruction to which exception is taken reads:

"And then if you should further find from the evidence herein beyond a reasonable doubt that such injury to the said ear of said J. A. Cavaney will result in a permanent disfiguration of the appearance of said ear, then you should convict the defendant of the crime of mayhem."

It is contended that the law is correctly stated in the case of *Green* v. *State,* 151 Ala. 14, 44 South. 194, 125 Am. St. Rep. 17, 15 Ann. Cas. 81, as follows:

"In this instance the disfigurement, necessary to justify conviction, must have been such as would afford to the casual observer of the person injured, and not such as requires a close or unusual inspection to detect. In other words, the injury to the ear must be such as disfigures to

ordinary observation, as distinguished from a wounding which simply mars the member."

We may concede the law to be correctly stated in the Alabama case, *supra.*

The objection to instruction No. 8 goes rather to the question of the extent of the injury necessary to constitute a permanent disfiguration. The instruction states the law correctly. It may be conceded that it could very properly have gone farther and pointed out specifically what was necessary to constitute a permanent disfiguration. There was, however, no request for further instruction upon this phase of the law of mayhem. Even if it be conceded that the instruction is technically erroneous as not fully advising the jury as to the degree of proof necessary to constitute the offense charged, it would not be regarded as prejudicial error, where the evidence is without conflict as to the extent of the injury, which injury manifestly causes a permanent disfiguration.

**6.** The contention that the court erred in fixing the minimum sentence of appellant at five years' imprisonment is without merit. Where the statute prescribes no minimum sentence, it is within the discretion of the court to fix such minimum at not less than one nor more than five years. (Rev. Laws, 7260, as amended, Stats. 1915, p. 192.)

The judgment is affirmed.