[No. 2557]

## In the Matter of the Application of LOUIS WEIN-
## ROTH for a Writ of Habeas Corpus.

[207 Pac. 1103]

1. CRIMINAL LAW—INDETERMINATE SENTENCE FOR RECEIVING STOLEN GOODS HELD PROPER.

Under Rev. Laws, 6648, providing that a person convicted of receiving stolen goods shall be imprisoned for a term not exceeding five years, and section 7260, as amended by Stats. 1913, c. 199, Stats. 1915, c. 158, and Stats. 1921, c. 176, authorizing indeterminate sentences limited only by the minimum and maximum terms of imprisonment provided for the offense when no fixed period of confinement is imposed by law, and, where no minimum term is fixed, authorizing the court to impose a sentence of not less than one or more than five years, the court was authorized to give a defendant convicted of receiving stolen goods an indeterminate sentence of not less than one year, as section 6648 fixed only the maximum punishment.

ORIGINAL APPLICATION for a writ of habeas corpus on behalf of Louis Weinroth. **Refused.**

*A. Grant Miller,* for Petitioner:

Petitioner was convicted under section 6648 of the Revised Laws of the crime of receiving stolen goods. Said section provides a fixed term of imprisonment, and is controlling in that respect. The lower court had no authority in law and no jurisdiction to impose the sentence complained of, the acts of 1915 and 1921 not being applicable. Petitioner should be discharged.

*L. D. Summerfield,* District Attorney, and *Harlan L. Heward,* Assistant District Attorney, for Respondent:

The petition should be dismissed and petitioner remanded to custody. The sentence is valid. Petitioner was prosecuted for receiving stolen goods, under the provisions of section 6648 of the Revised Laws, which provides a penalty of "a term not exceeding five years." The statutes relating to indeterminate sentences properly apply. They provide that the court shall direct

confinement for a term not less than the minimum nor greater than the maximum, and that where no minimum is specified it shall be fixed at not less than one year. The trial judge fixed the minimum, and the petitioner therefore stands sentenced to a term of not less than one nor more than five years. Rev. Laws, 7260; Stats. 1913, p. 274; Stats. 1915, p. 192; Stats. 1921, p. 265.

Under the indeterminate-sentence law, the trial court has no discretion in passing sentence, other than to fix the minimum or maximum where not specified. Other than the exercise of this discretion, the statute itself fixes the sentence. Ex Parte Melosevich, 36 Nev. 67; People v. Nowarky, 254 Ill. 146; State v. Lockard, 144 N. W. 601; State v. Gaunt, 98 Kan. 186; In Re Hamilton, 188 Mich. 499.

By the Court, SANDERS, C. J.:

Upon the conviction of Louis Weinroth of the offense of receiving stolen goods, he was sentenced under and by virtue of the indeterminate-sentence law to confinement in the state prison for a term of not less than one year, where he has been confined for some months past by a commitment issued out of the Second judicial district court of this state in and for Washoe County, wherein he was tried and convicted.

In his petition for a writ of habeas corpus, addressed to this court, he alleges that his confinement and detention by the warden of the state prison is illegal, in that the judgment or sentence pronounced against him is entirely unlawful, illegal, and void; for the reason that the statute which defines the offense of receiving stolen goods prescribes the only punishment that can be imposed by law for that offense.

In the exercise of our original jurisdiction in such matters, we issued the writ to inquire into the legality of the sentence; there being no question raised as to the court's jurisdiction of the offense and of the petitioner.

The precise question before us is whether the court

had jurisdiction to pronounce the particular sentence and order petitioner's commitment.

The statute (Rev. Laws, 6648), which defines the offense of receiving stolen goods, provides that the person charged "shall upon conviction, be imprisoned in the state prison for a term not exceeding five years, or by a fine not exceeding one thousand dollars, or both."

The indeterminate-sentence law (Rev. Laws, 7260), as amended (Stats. 1913, p. 275; Stats. 1915, p. 192; Stats. 1921, p. 265), provides, inter alia:

"Whenever any person shall be convicted of any felony for which no fixed period of confinement is imposed by law and where a judgment of confinement is rendered, the court shall, in addition to any fine or forfeiture which he may impose, direct that such person be confined in the state prison for an indeterminate term limited only by the minimum and maximum term of imprisonment prescribed by law for the offense of which such person shall be convicted; and where no minimum term of imprisonment is prescribed by law, the court shall fix the minimum term in his discretion at not less than one year nor more than five years, and where no maximum term of imprisonment is prescribed by law, the court shall fix such maximum term of imprisonment.   *   *   *"

The lower court manifestly based its authority to pronounce the sentence upon the assumption that the minimum punishment prescribed by law for the offense of receiving stolen goods (a felony) is indeterminate, or, in other words, that no fixed minimum period of confinement in the state prison is imposed for the offense. And it is argued by counsel for the state that, as no minimum term of imprisonment is prescribed by the statute making it a felony to receive stolen goods, the sentence of petitioner to imprisonment in the state prison for a term of not less than one year is entirely legal. In this counsel are correct. It is true the maximum punishment for such offense is prescribed, but

the minimum is not fixed. It is our view that the indeterminate-sentence law, among other things, was designed and enacted to cover and include statutes which fix the maximum punishment, but fail to prescribe the minimum; and to accomplish its purpose it expressly provides that—

"Where no minimum term of imprisonment is prescribed by law, the court shall fix the minimum term in his discretion at not less than one year nor more than five years."

But it is argued by counsel for petitioner that upon every reasonable intendment the statute (section 6648) must be construed or interpreted as fixing the minimum punishment for the offense of receiving stolen goods at one day's imprisonment in the state prison, and the court therefore exceeded its jurisdiction in sentencing the petitioner for a term of not less than one year in the state prison. The statute (section 6648) fixes only the maximum punishment, and we are of the opinion that the sentence is entirely legal. Therefore the petitioner must be remanded to the custody of the warden of the state prison, there to remain until otherwise legally discharged.