## STATE v. BARDMESS

No. 2945

February 3, 1932.                    7 P. (2d) 817.

*Frame & Raffetto,* for Appellant:

*Gray Mashburn,* Attorney-General; *W. Howard Gray,* Special Deputy Attorney-General, and *Lowell Daniels,* District Attorney, for the State:

## OPINION

By the Court, COLEMAN, C. J.:

A. J. (Jack) Bardmess was informed against by the district attorney of Nye County, omitting formal portions, in words and figures following:

"Walter Rowson, District Attorney, within and for the County of Nye, State of Nevada, in the name and by the authority of the State of Nevada, informs the Court that A. J. (Jack) Bardmess of Ione, Nye County, State of Nevada, on or about the 8th day of September, 1930, and before the filing of this Information, near the town of Ione, in the said County of Nye, State of Nevada, did then and there commit the crime of assault with intent to kill, in the manner as follows, to-wit:

"That he, the said A. J. (Jack) Bardmess, on or about the said 8th day of September, 1930, near the said town of Ione, in the said County of Nye, State of Nevada, did unlawfully, feloniously, willfully, knowingly and with the intent to kill one Pete Cazan, a human being, beat and strike the said Pete Cazan on the face and head with a pistol, and did inflict wounds upon the said Pete Cazan

with the said pistol, with the intent then and there to kill the said Pete Cazan.

"That the said A. J. (Jack) Bardmess has previously been twice convicted, in this State and elsewhere, of a crime which under the laws of this State amounts to a felony, as follows, to-wit:

"1. That the said A. J. (Jack) Bardmess, on or about the year 1891, in the County of Logan, State of Idaho, committed the crime of Grand Larceny, and was thereafter duly tried and convicted of said offense in the Superior Court of said County of Logan, State of Idaho, and was thereupon sentenced to serve a term of three (3) years in the Idaho State Penitentiary at Boise, Idaho; that in execution of said sentence said defendant, A. J. (Jack) Bardmess was received at said Idaho State Penitentiary, at Boise, Idaho, on November 22nd, 1892, and was discharged therefrom for expiration of sentence on August 21st, 1895.

"2. That the said A. J. (Jack) Bardmess, on or about the 23rd day of December, 1914, in the County of Nye, State of Nevada, committed the crime of Grand Larceny, and was thereafter tried and convicted of said offense in the District Court of the Fifth Judicial District of the State of Nevada, in and for the County of Nye, on the 25th day of March, 1915, and was thereupon, on March 29th, 1915, sentenced to serve an indeterminate term of from four (4) to seven (7) years in the Nevada State Penitentiary, at Carson City, Nevada; that in execution of said sentence said defendant, A. J. (Jack) Bardmess was committed to said Nevada State Penitentiary on March 29th, 1915, and was discharged therefrom for expiration of sentence on May 9th, 1919.

"All of which is contrary to the form, force and effect of the statutes in such cases made and provided and against the peace and dignity of the State of Nevada."

The defendant entered a plea of not guilty.

Upon the trial the jury brought in a verdict finding the defendant guilty of assault with intent to inflict a violent injury, the circumstances showing an abandoned and malignant heart.

A motion for a new trial having been denied, the court sentenced the defendant to serve a term of not more than two nor less than one year for the crime of assault, and adjudged him to be an habitual criminal and sentenced him to serve a term of not less than twenty years therefor.

Defendant assigns several alleged errors, and among them is the contention that the court erred in permitting the district attorney, over the objection of counsel, to ask one Griffin, a witness in behalf of the defendant, on cross-examination, if he had not told the sheriff that the affair was the most brutal and horrible thing he had ever seen happen. The witness testified on direct examination that he did not see the defendant making the assault—that they were out of his line of vision. The court permitted the question for the purpose of impeachment. The witness admitted making the statement to the sheriff.

The objection made to that question is as follows: "I object, to that, as irrelevant, incompetent and immaterial, and upon the further ground that the Defendant was not present, and it is not binding on the Defendant; and upon the further ground that it is a mere expression of general opinions; that it is not competent for any purpose in this case, either as evidence or impeachment, or admission, or anything else."

■ We do not think the court committed error in overruling the objection. It has been often held that such a general objection presents nothing for the court to act upon. In State v. Jones, 7 Nev. 408, it was said: "In criminal as well as in civil cases, the objection should be so pointed that the attention of the court below may be directed to the exact point, so that the objection may be then obviated, if it be one of that character." See, also, State v. Mangana, 33 Nev. 511, 112 P. 698.

■ Furthermore, the point now made that the cross-examination was as to a collateral matter was not suggested at the trial, hence it comes too late. State v. Chapman, 6 Nev. 320; State v. O'Flaherty, 7 Nev. 153.

■ It is asserted that the information filed against the defendant does not state facts sufficient to constitute an offense under the habitual criminal act (section 9976, N. C. L.).

It is said that the information is insufficient in that "there are no statements of fact contained in the information from which the court could determine, as a matter of law, that the former conviction of the defendant was in fact for a felony, or that under the law the offenses for which the defendant had formerly been convicted were in fact felonies."

We can see no merit in the contention. In one paragraph it is averred that defendant had been twice theretofore convicted of crimes which constitute felonies in Nevada, and in the two succeeding paragraphs it details the time and place of conviction, and follows that up by averring the passing of sentence by the court and the receipt of the defendant at the penitentiary and his discharge therefrom.

■ It is not contemplated by the statute that one proceeded against thereunder shall be tried again for the crimes of which he has been adjudged guilty, but it is proper that he should be informed of the fact that his former convictions will be invoked that his punishment may be increased, provided he has in fact been thus convicted by a court having jurisdiction. Lord Campbell, in Regina v. Clark, Dears. 198, said: "A statement of a previous conviction does not charge an offense. It is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous offense; they only find that he was previously convicted of it, as a historical fact."

In People v. Gowasky, 244 N. Y. 451, 155 N. E. 737, 742, 58 A. L. R. 9, in passing upon a similar point to the one under consideration, the court said: "The only thing that is to be tried before a jury is the identity of the prisoner. By the information he is charged with having been previously convicted. If he denies it, his previous conviction is the only thing to be tried."

In State v. Edelstein, 146 Wash. 221, 262 P. 622,

630, the court, having under consideration the point here urged, quoted as follows from a previous decision: "When the prosecuting attorney has charged, by simple reference to the judgments, that a party has been convicted three times, he has done all that the law requires, for it is not a question of guilt or innocence, but merely a question involving a state of the record, either in the court where the charge is made, or some other court. It is necessary, when pleading a judgment, to say no more than that a judgment (describing it) was rendered in a certain court at a certain time."

To the same effect are: Green v. Com., 213 Ky. 323, 280 S. W. 1094; Keeney v. Com., 147 Va. 678, 137 S. E. 478; State v. Asher (Mo. Sup.) 246 S. W. 911. See, also, exhaustive note in 58 A. L. R. 20.

■ It is contended that the trial court committed prejudicial error during the cross-examination by the district attorney, by making the following remark, to which counsel for defendant excepted: "It seems to me there has been a lot of questions asked here by both sides that appear to me to be absolutely immaterial and taking up a lot of time; and if counsel do not do it, I will step in myself, because we are taking an awful lot of time. I don't say this particular question, but there are a lot of questions that have no bearing on this particular crime."

The court, upon exceptions being taken to the remarks, stated: "In referring to that, the jury are not to understand that the Court means that there is a crime committed, that there is an alleged crime that has been committed. The Court doesn't know whether a crime has been committed, any more than the jury; and the alleged crime we are investigating now, the Court doesn't know anything more about that yet, and that is for the jury to determine from all the facts in the case."

Counsel for appellant rely upon the cases of State v. Harkin, 7 Nev. 377, and State v. Tickel, 13 Nev. 502, to sustain his contention. We think the instant case distinguishable from the cases mentioned. In the instant case the remarks of the court were directed solely to

the apparent undue prolongation of the examination of witnesses by counsel, and was not a comment upon the evidence. The court used the word "crime" in the sense of "case." In its statement thereafter it was made clear to the jury that the court did not intend to convey the idea that it thought that a crime had been committed. We think the statement of the court cleared up the matter and that the appellant was in no way prejudiced.

It is also asserted that the taking of the plea of guilty to the charge of prior convictions was unauthorized.

The record shows that in the chambers of the court, in the presence of the presiding judge, counsel for the defendant, the district attorney, the clerk of the court, and the official court reporter, the following proceedings were had:

"Mr. Frame: Mr. Bardmess, I spoke to you a minute ago in the court room about these prior convictions in Idaho and Nevada; and to avoid prejudicing this case I have concluded to advise you to admit those convictions. Do you want to do that?

"Mr. Bardmess: Yes, I will do that.

"Judge Dunn: Then you may enter an order that the defendant has plead guilty to the charge in the information in relation to the conviction and sentence in the Idaho penitentiary and also to the allegation in the Information as to the conviction and sentence in the Nevada State Prison."

Section 10906, N. C. L., provides that the plea of guilty by an individual can be put in only in open court, and though section 8385, N. C. L., authorizes certain acts to be done in chambers, the entry of a plea of guilty to a crime is not one of them.

In Kline v. Vansickle, 47 Nev. 139, 217 P. 585, which was an action to recover damages for the alienation of affections, we held that a judge at chambers can have no greater authority than that conferred by statute.

The supreme court of Colorado so held in Bean v. People, 6 Colo. 100, and also in Scott v. Stutheit, 21 Colo. App. 28, 121 P. 152, as did the supreme court of California in Larco v. Casaneuava, 30 Cal. 560.

■ There having been no authority for accepting the plea of guilty in chambers, the defendant was on trial upon his general plea of not guilty, and as no evidence was produced against the defendant as to his prior convictions, there was not and could not have been a finding or conviction upon that issue.

It is ordered that the order and judgment appealed from be and the same is hereby affirmed as to the conviction of assault with intent to inflict a violent injury, and that the judgment and sentence of the defendant upon the charge of being an habitual criminal be and the same is hereby annulled.