[No. 29888. Department Two. June 29, 1946.]

*In the Matter of the Application for a Writ of Habeas Corpus of* GLENN WILLIAMS, *Appellant,* v. TOM SMITH, *as Superintendent of the State Penitentiary, Respondent.*[1]

[1]Reported in 171 P. (2d) 197.

*Glenn Williams, pro se.*

*The Attorney General* and *Edward J. Lehan, Assistant,* for respondent.

BLAKE, J.—This is an appeal from an order of the superior court for Spokane county denying a petition for a writ of *habeas corpus.*

July 13, 1938, in cause No. 1560, in the superior court for Chelan county, appellant was found guilty on three counts of an amended information charging him with first-degree forgery.

On the same day, the prosecuting attorney of Chelan county filed, in cause No. 1615, an information accusing "Glenn Williams of being an habitual criminal." Appellant was brought to trial September 14, 1938, on this information. The jury, by its verdict, found the defendant "guilty of the *crime* of being an habitual criminal." (Italics ours.)

On that day, September 14, 1938, the court pronounced sentence and entered judgment in cause No. 1560—the cause in which appellant was found guilty of forgery—committing appellant to the state penitentiary for life. At the same time, the court entered a like judgment and sentence in cause No. 1615.

█ If the legality of appellant's detention in the penitentiary depended on the latter judgment and sentence, it could not be sustained, for in *Blake v. Mahoney,* 9 Wn. (2d) 110, 113 P. (2d) 1028, we held:

"The charge of being an habitual criminal does not constitute an offense in itself, but merely *provides an increased punishment for the last offense.* . . . From this it follows that the petitioner has been held in the penitentiary under a void sentence and commitment." (Italics ours.)

█ But the legality of appellant's detention is not to be determined by the void judgment and sentence entered in

cause No. 1615. For a correct judgment and sentence was entered on the forgery charges in cause No. 1560, "the last offense" of which he had been convicted. As indicated in *Blake v. Mahoney, supra,* this was the proper procedure. See *State ex rel. Edelstein v. Huneke,* 140 Wash. 385, 249 Pac. 784.

Construing Rem. Rev. Stat., § 1075 [P.P.C. § 58-23], relating to writs of *habeas corpus,* we have repeatedly held that the writ will not issue where it appears that the petitioner is held in custody under a judgment regular and fair upon its face. See *In re Grieve,* 22 Wn. (2d) 902, 158 P. (2d) 73.

The fact that a form of verdict was submitted to the jury in cause No. 1615, finding appellant guilty of the *"crime of being an habitual criminal,"* did not affect any of his substantial rights. In form, the verdict was technically improper, but it fixed his status as an habitual criminal, which was sufficient to support the judgment and sentence entered in cause No. 1560.

Order affirmed.

BEALS, C. J., ROBINSON, and CONNELLY, JJ., concur.