JAMES LISBY, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 4987

May 18, 1966                    414 P.2d 592

*Dorsey & Harrington,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, and *Edward G. Marshall,* District Attorney, and *Monte J. Morris,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

By the Court, ZENOFF, D. J.:

Appellant was convicted of selling narcotics. The State presented as its sole witness police officer Kingsbury who testified as to his contacts as an undercover agent with Lisby, relating several meetings at Lisby's residence. On the occasions of two of these meetings Kingsbury made purchases of heroin from Lisby, the last of which is the basis for this charge.

Kingsbury sought out Lisby, representing himself as a friend of a friend of Lisby. It appears that the undercover agent gave the impression that he was available to purchase heroin. On January 9, 1965, he went to Lisby's apartment and Lisby asked him if he wanted to buy some heroin. After receiving $60, Lisby left and four hours later turned over 12 capsules of heroin to Kingsbury indicating that he had used two capsules from the purchase for himself.

Lisby was arrested, charged, and convicted. The information included a count of habitual criminal pursuant to NRS 207.010.[1]

1. Appellant cites as error the refusal of the trial court to rule as a matter of law that he was entrapped. There is substantial evidence that the criminal intent originated with the defendant and the police officer merely furnished the opportunity for the commission of the crime. In re Wright, 68 Nev. 324, 232 P.2d 398 (1951); In re Davidson, 64 Nev. 514, 186 P.2d 354 (1947); Wyatt v. State, 77 Nev. 490, 367 P.2d 104 (1961); Adams v. State, 81 Nev. 524, 407 P.2d 169 (1965); State v. Busscher, 81 Nev. 587, 407 P.2d 715 (1965); Barger v. State, 81 Nev. 548, 407 P.2d 584 (1965). See Sorrells v. United States, 287 U.S. 435 (1932).

Entrapment is an affirmative defense and one that a defendant must prove. Wyatt v. State, supra. The trial court properly instructed this jury on entrapment and obviously the jury did not accept the defense. Playing upon the defendant's sympathies by telling him that narcotics were for addicts badly in need is no defense. People v. Hatch, 49 Ill.App.2d 177, 199 N.E.2d 81 (1964); People v. Hall, 25 Ill.2d 297, 185 N.E.2d 143 (1962).

2. NRS 175.455 codifies the common law practice of allowing a defendant in a criminal trial to be found

---

[1]NRS 207.010(1): "Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been three times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state prison for not less than 10 years."

guilty of any offense which is necessarily included in that with which he is charged.[2]

We are here concerned with the question of whether or not, where the charge is *sale* of narcotics, the failure by the trial court to instruct the jury that the crime of possession of narcotics is an included offense is reversible error. We adhere to the rule that to determine whether an offense is necessarily included in the offense charged, the test is whether the offense charged cannot be committed without committing the lesser offense. State v. Carter, 79 Nev. 146, 379 P.2d 945 (1963); State v. Holm, 55 Nev. 468, 37 P.2d 821 (1914). "No sale of narcotics is possible without possession, actual or constructive." People v. Rosales, 226 Cal.App.2d 588, 38 Cal.Rptr. 329, 331 (1964). People v. Morrison, 228 Cal.App.2d 707, 39 Cal.Rptr. 874 (1964), points out three situations which are most commonly encountered in the problem of lesser included offenses:

First, is that in which there is evidence which would absolve the defendant from guilt of the greater offense or degree but would support a finding of guilt of the lesser offense or degree. The instruction is mandatory, without request. See State v. Moore, 48 Nev. 405, 233 P. 523 (1925).

Second, where the evidence would not support a finding of guilty of the lesser offense or degree, e.g., where the defendant denies any complicity in the crime charged and thus lays no foundation for any intermediate verdict or where the elements of the defenses differ, and some element essential to the lesser offense is either not proved or shown not to exist. The instruction is not only unnecessary but is erroneous because it is not pertinent.

---

[2]NRS 175.455. "In all cases the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged or may be found guilty of an attempt to commit the offense charged."

Third is the intermediate situation where the elements of the greater offense include all of the elements of the lesser offense because it is the very nature of the greater offense that it could not have been committed without the defendant having the intent and doing the acts which constitute the lesser offense, e.g., kidnapping involving false imprisonment, sale of narcotics involving possession, felonious assault involving simple assault. In this intermediate situation, it is not error for a trial court to give instructions on the lesser included offenses since all *elements* of the lesser offenses have been proved. However, if the prosecution has met its burden of proof on the greater offense and there is no evidence at the trial *tending to reduce the greater offense,* an instruction on a lesser included offense may properly be refused. But, if there is any evidence at all, however slight, on any reasonable theory of the case under which the defendant might be convicted of a lower degree or lesser included offense, the court must, if requested, instruct on the lower degree or lesser included offense. State v. Millain, 3 Nev. 409 (1876); State v. Donovan, 10 Nev. 36 (1875); State v. Johnny, 29 Nev. 203, 87 P. 3 (1906); State v. Enkhouse, 40 Nev. 1, 160 P. 23 (1916); State v. Moore, 48 Nev. 405, 233 P. 523 (1925); State v. Oschoa, 49 Nev. 194, 242 P. 582 (1926); State v. Fisko, 58 Nev. 65, 70 P.2d 1113 (1937).

Here, no issue was created other than that of the sale of narcotics as charged. Defendant's counsel stated to the court that the only consideration was entrapment, that the sale was admitted or conceded. During the course of the defendant's testimony, he freely discussed the details of the transaction including the passing of money with the agent and admitted keeping two capsules of heroin for his own use. Clearly, the defendant was relying solely on the defense of entrapment which we have already held is without merit. Therefore, although the defendant was charged only with the sale of narcotics, the instruction by the trial court to the jury on the offense of possession of narcotics without a form of

verdict also being given does not constitute error, for no instruction on possession was necessary. The jury was not misled. People v. Hines, 30 Ill.2d 152, 195 N.E.2d 712, 714 (1964).

3. The trial court set the sentence at 20 to 40 years, plus a $10,000 fine for the crime on Count 1 of selling narcotics in compliance with NRS 453.210(2)(a). He further sentenced the defendant to a term of 10 to 15 years on Count 2 as an habitual criminal. This was error.

It is uniformly held that the purpose of an habitual criminal act is not to charge a separate substantive crime but it is only the averment of a fact that may affect the punishment. State v. Bardmess, 54 Nev. 84, 7 P.2d 817 (1932); People v. Dunlop, 102 Cal.App.2d 314, 227 P.2d 281 (1951); Williams v. Smith, 25 Wash.2d 273, 171 P.2d 197 (1946); Ex parte Broom, 198 Ore. 551, 255 P.2d 1081 (1953); Castle v. Gladden, 201 Ore. 353, 270 P.2d 675 (1954).

While this Court in State v. Bardmess, supra, did not reach the question of the validity of two concurrent sentences, one of which is based on the habitual criminal statute, it did say that "[a] statement of a previous conviction does not charge an offense. It is only the averment of a fact which may affect the punishment." Thus, there can only be one sentence.

The courts are also in agreement that there is a mandatory duty on the sentencing court when the habitual criminal statute has been invoked and proved to impose the sentence prescribed in the habitual criminal statute. Dotson v. State, 80 Nev. 42, 389 P.2d 77 (1964). See also People v. Hamlett, 408 Ill. 171, 96 N.E.2d 547 (1951); Castle v. Gladden, supra; Macomber v. State, 181 Ore. 208, 180 P.2d 793 (1947).

This is our first occasion to consider an incongruity in certain of the sentencing statutes. The habitual act fixes the minimum term at "not less than 10 years." We have held today that the one sentence to be imposed

must be imposed under the habitual act. Yet, the minimum sentence statutorily designated for selling narcotics is twenty years.[3] Thus the question: What minimum is to be fixed?

This Court has held that the trial court has no discretion to fix a greater minimum or less maximum sentence than that which the statute prescribes. Ex parte Melosevich, 36 Nev. 67, 133 P. 57 (1913); State v. Moore, 48 Nev. 405, 233 P. 523 (1925). See also Ex parte Weinroth, 46 Nev. 103, 207 P. 1103 (1922); State v. Squier, 56 Nev. 386, 54 P.2d 227 (1936); State v. Johnson, 75 Nev. 481, 346 P.2d 291 (1959); State v. Enkhouse, supra; NRS 176.180.

However, as the purpose of the habitual statute is to increase the prison sentence for the recidivist, we think that the ten-year minimum of that statute controls only when the minimum term of the crime charged is less than ten years. Accordingly, here, we uphold the twenty to forty year sentence under the narcotics law as having been given under the habitual act. Failure to properly sentence does not render the entire trial and proceeding a nullity, and the cases cited immediately above support this Court's authority to modify the trial court's erroneous sentence.

We direct the lower court to give appellant's court appointed counsel the certificate specified by NRS 7.260(3) for compensation of services on this appeal.

Affirmed.

THOMPSON and COLLINS, JJ., concur.

[3] See also NRS 200.030, 200.310, 200.320, 200.340, 200.360, 212.060, 453.210.