An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LOREN RAYMOND FOLLETT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60784

FILED

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Relying on this court's opinion in *Rosas v. State*, 122 Nev. 1258, 1264, 147 P.3d 1101, 1106 (2006), appellant Loren Follett contends that the district court was required to, sua sponte, instruct the jury that a reasonable mistaken belief as to consent is a defense to sexual assault even though his theory of defense was that he did not engage in sexual intercourse with the victim. Follett is mistaken. Under *Rosas*, "a defendant is entitled to a jury instruction on *a lesser-included offense* if there is any evidence at all, however slight, on any reasonable theory of the case under which the defendant might be convicted of that offense." 122 Nev. at 1264-65, 147 P.3d at 1106 (emphasis added) (internal quotation marks omitted). Even if this court were to extend the holding of *Rosas* to other jury instructions, such as the mistaken-belief instruction, no evidence was presented that Follett had a good faith belief that the victim consented to sexual intercourse. *Cf. Carter v. State*, 121 Nev. 759, 761-65, 121 P.3d 592, 594-96 (2005). Where, as here, "the defendant

13-14310

denies any complicity in the crime charged . . ., [a lesser-included offense] instruction is not only unnecessary but is erroneous because it is not pertinent." *Lisby v. State*, 82 Nev. 183, 187, 414 P.2d 592, 595 (1966). Therefore, Follett is not entitled to relief.

Follett also contends that the district court abused its discretion by allowing an expert witness to testify because her testimony was irrelevant, prejudicial, confusing, and misleading. We disagree. The expert testified that the victim displayed some symptoms consistent with other women who had been sexually assaulted and that the victim's reasons for delay in reporting the sexual assault were consistent with the expert's experience in treating more than one hundred patients who had been victims of sexual assault. We conclude that this testimony was relevant and its probative value was not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* NRS 48.015; NRS 48.035; *see also* NRS 50.345. To the extent Follett objects to the State failing to elicit the basis for the expert's testimony during direct examination, Follett could have elicited this information on cross-examination. *See* NRS 50.305. We conclude that the district court did not abuse its discretion by allowing the expert witness to testify.

Having considered Follett's contentions and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Jerome Polaha, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk