An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY LEE MONROE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62157

FILED

JUN 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

First, appellant Anthony Lee Monroe contends that insufficient evidence was adduced to support the jury's verdict. Monroe claims that he did not initiate the physical contact, and without citation to any relevant authority for support, argues that "[t]o allow a store employee who does not identify herself to be able to convert a larceny into the more serious crime of robbery by being the first to use physical force is not the intent of the law and is not sound public policy." We disagree and conclude that the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

Trial testimony indicated that Monroe attempted to exit a Home Depot without paying for an item, and when he was confronted by store employees, he began yelling and screaming, attempted to push past

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17309

them, wrestled with the asset protection specialist, and "tried to make physical contact with [the assistant store manager] by trying to swing at him." The asset protection specialist testified that prior to the confrontation, she verbally identified herself to Monroe as "Home Depot security" and while doing so "might have touched his hand." Surveillance videotape of the incident was played for the jury.

Circumstantial evidence alone may sustain a conviction. *Buchanan v. State*, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003). It is for the jury to determine the weight and credibility to give conflicting testimony, *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict, *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also* NRS 200.380(1). Therefore, we conclude that Monroe's contention is without merit.

Second, Monroe contends that the district court erred by rejecting his proposed jury instruction defining "larceny." Monroe fails to offer any cogent argument or legal authority in support of his claim and we need not address it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Nevertheless, we note that the State met its burden of proof on the greater offense of robbery and Monroe's contention is without merit. *See Lisby v. State*, 82 Nev. 183, 188, 414 P.2d 592, 595 (1966) (holding that "if the prosecution has met its burden of proof on the greater offense and there is no evidence at the trial *tending to reduce the greater offense*, an instruction on a lesser included offense may properly be refused"); *see also Davis v. State*, 110 Nev. 1107, 1115, 881 P.2d 657, 662 (1994). Therefore, we conclude that the district court did not abuse its discretion by rejecting

(O) 1947A

Monroe's proposed instruction. *See Ouanbengboune v. State*, 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Brent T. Adams, District Judge
Janet S. Bessemer
Michael V. Roth
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A