An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD E. JACKSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64827

**FILED**

NOV 2 4 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder and child abuse. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant's convictions stem from his physical abuse and the beating death of his girlfriend's 18-month-old son. His appeal focuses on several instructional matters. Because appellant failed to preserve any of his challenges to the instructions below, his claims are reviewed for plain error. *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). Additionally, he challenges the distinction between first-degree murder based on child abuse and second-degree felony murder as arbitrary.

First, appellant argues that the district court erred by not instructing the jury that a conviction for first-degree felony murder required him to have the intent to commit the underlying felony (child abuse). Specifically, he argues that the jury was not required to find that he intended to injure or kill the child victim and therefore his murder

conviction must be reversed. The jury was instructed that the elements of felony murder were "(1) The Defendant did willfully and unlawfully: (2) commit or attempt to commit an act of child abuse[1] (3) which resulted in the death of a child." The relevant instruction defined "abuse" as "physical injury of a nonaccidental nature to a child under the age of 18 years." *See* NRS 200.030(6)(b). The jury was also instructed that to establish first-degree felony murder based on child abuse the prosecution need not prove that appellant "intended to kill or seriously injure the child" or that the killing was premeditated or deliberate but was "only required to prove the elements set forth [in the murder instruction]."[2] The jury was further

---

[1]The jury was instructed on child abuse as follows:

> The elements of [child abuse] are: (1) the defendant willfully and unlawfully, (2) caused a child who is less than 18 years of age, (3) to suffer unjustifiable physical pain or mental suffering as a result of abuse.

> For the purposes of [this count], "abuse" is defined as a physical injury of a non-accidental nature.

> The State is not required to prove that the defendant intended to injure the child. The State is only required to prove the elements set forth above.

[2]The district court defined "willfully" as "to knowingly do an act, or knowingly omit to do an act" but that "willfully" did not require that the prosecution prove that appellant intended to injure the child or violate the law.

instructed concerning the State's obligation to prove the elements of the offenses beyond a reasonable doubt. In a recent case involving felony murder based on child abuse, we determined that instructions indicating that "the child abuse must be nonaccidental and, [that] to find murder in the first degree, the State must prove beyond a reasonable doubt that the murder was committed in the perpetration of child abuse" comported with our statutory scheme concerning first-degree murder and child abuse. *Coleman v. State*, 130 Nev. ___, ___, 321 P.3d 901, 911 (2014). We conclude that the instructions here comport with the statutory scheme regarding first-degree murder and child abuse, as the prosecution was not required to prove that he intended to injure or kill the child victim to establish felony murder but only that he committed the underlying felony (child abuse) and death resulted. *Id.*; *see also Payne v. State*, 81 Nev. 503, 506, 406 P.2d 922, 924 (1965) (observing that purpose of felony-murder rule is "to deter felons from killing negligently or accidentally by holding them strictly responsible for the killings that are the result of a felony or an attempted one"). Accordingly, appellant failed to demonstrate that the district court plainly erred by instructing the jury as it did.

Second, appellant argues that the district court failed to instruct the jury on the definition of malice. Under the felony-murder rule, "malice is implied by the intent to commit the underlying felony." *Nay v. State*, 123 Nev. 326, 332, 167 P.3d 430, 434 (2007). Therefore, the

omission of a malice instruction where the jury was properly instructed on the predicate felony of child abuse does not result in plain error.

Third, appellant contends that the district court erred by not instructing the jury on the definition of "physical injury" for the purposes of NRS 200.508(4)(d) (child abuse, neglect or endangerment) and that he was prejudiced by the omission "due to the child's preexisting polycystic disease." Although the district court erred by not instructing the jury on the definition of "physical injury," *see* NRS 200.508(4)(d) (defining "physical injury" as "[p]ermanent or temporary disfigurement" or "[i]mpairment of any bodily function or organ of the body"), we conclude that appellant failed to demonstrate plain error regarding the felony-murder charge where the evidence showed that the victim died from significant multiple blunt force injuries including a "pulverized" liver and wounds to his diaphragm, lower esophagus, and spleen and that his death was unrelated to his kidney disease. We further conclude that appellant failed to demonstrate plain error as to the child abuse charge because his allegation of prejudice relates to the cause of the victim's injuries rather than whether there was "physical injury." And to the extent appellant argues that the omission may have led the jury to impose a broader interpretation of "physical injury" than the statutory definition, he has not shown that the victim's injuries relative to the child abuse charge did not fall within the statutory definition. Accordingly, no relief is warranted on this claim.

Fourth, appellant argues that the district court erred by not instructing the jury on second-degree murder and involuntary manslaughter as lesser-included offenses of first-degree murder. He contends that instructions on those lesser-included offenses were required considering evidence of the victim's polycystic kidney disease and evidence that "falling on the child" or "pushing on a deceased person" could lead to the injuries the victim suffered. A defendant is entitled, upon request, "'to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.'" *Rosas v. State*, 122 Nev. 1258, 1264, 147 P.3d 1101, 1105-06 (2006) (quoting *Keeble v. United States*, 412 U.S. 205, 208 (1973)); *see Lisby v. State*, 82 Nev. 183, 188, 414 P.2d 592, 595 (1966). Because appellant did not request the instruction below, there is no error that is plain from a casual inspection of the record. *See Green v. State*, 119 Nev. 542, 80 P.3d 93, 95 (2003) ("In conducting plain error review, we must examine whether there was 'error,' whether the error was 'plain' or clear, and whether the error affected the defendant's substantial rights."); *Patterson v. State*, 111 Nev. 1525, 1530, 907 P.2d 984, 987 (1995) (observing that error is "plain error" if error is so unmistakable that it reveals itself by casual inspection of record). Furthermore, because the prosecution met its burden of proof on the greater offense and there was no evidence at the trial tending to reduce the greater offense, *see Rosas*, 122 Nev. at 1265, 147 P.3d at 1106, appellant cannot show prejudice. In

particular, the medical examiner testified that the victim's kidney condition did not contribute to his death. And while the medical examiner agreed with defense counsel's suggestion that "pushing on a person who is deceased [could] cause damage to the internal organs," the medical examiner testified that the cause of death was blunt force trauma. Post-mortem pushing on the body does not tend to reduce the greater offense of murder. Finally, while the medical examiner agreed with defense counsel's suggestion that falling on a person from some height could constitute blunt force, appellant's supposition does not tend to reduce the greater offense. Accordingly, we conclude that appellant failed to establish that the district court plainly erred by not instructing the jury on lesser-included offenses.

Fifth, appellant contends that the distinction between first-degree murder based on child abuse and second-degree felony murder is arbitrary and therefore violates his due process and equal protection rights. We disagree. As we explained in *Rose v. State*, 127 Nev. ___, ___, 255 P.3d 291, 295 (2011), unlike second-degree felony murder, "[t]he Legislature has specified the felonies that provide the malicious intent necessary to characterize a killing as first-degree murder." Those enumerated felonies include child abuse. NRS 200.030(1)(b). While there are no statutorily identified felonies respecting second-degree felony murder, *see Rose*, 127 Nev. at ___, 255 P.3d at 295 (providing "that killings occurring in the commission of an unlawful act that naturally tends to

destroy human life or committed in the 'prosecution of a felonious intent' are murder and, unless the murder is committed in a manner that satisfies NRS 200.030(1), are murder of the second degree"), we have placed limitations on second-degree felony murder requiring that the predicate felony be inherently dangerous and the existence of an "immediate and direct causal relationship" between the defendant's actions and the victim's death. *Id.* at ___, 255 P.3d 296. Given this statutory scheme, we conclude that appellant has failed to show that the distinction between first- and second-degree felony murder is arbitrary and therefore no relief is warranted.

Having considered appellant's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Douglas

_____

[3]Appellant's argument that cumulative error requires reversal of his convictions fails because the only trial error shown is the omission of an instruction defining "physical injury."

cc: Hon. Scott N. Freeman, District Judge
Law Office of Thomas L. Qualls, Ltd.
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

CHERRY, J., dissenting:

I respectfully dissent. I would reverse the judgment of conviction based on the instructional errors in this case. I have a concern with the instruction relating to child abuse, *see* majority order *ante* at n.1. I disagree that the State is not required to prove that the defendant intended to injure the child. Law school teaches us that felony murder is governed by the legal fiction of transfer of intent. How can there be a transfer of intent to find a defendant guilty of first-degree murder if the State need not prove "the defendant intended to injure the child." Would the same apply if a death occurred during a robbery, kidnapping, arson, etc., such that a defendant could be convicted of first-degree murder (felony-murder) if a defendant did not intend to commit one of these serious felonies? I think not! How can there be a joint operation of act and intent with this jury instruction? I believe the error is structural error and mandates reversal of defendant's convictions.

The absence of an instruction defining "physical injury" was of particular significance to the child abuse charge because it reasonably could have led the jury to impose a broader interpretation of "physical injury" than the statutory definition allowed, *see* NRS 200.508(4)(d). Further, I believe the jury should have been instructed on second-degree murder. [1]

I recognize that the instructional challenges presented are reviewed for plain error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196

---

[1] My experience in the criminal justice arena has always been that in every murder case I tried as an attorney or as a trial judge, an instruction on second-degree murder was always given to the jury whether requested or not.

P.3d 465, 477 (2008). Considering the record as a whole, I believe that the omission of essential instructions affected appellant's substantial rights in this case and demand reversal of the judgment of conviction.

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A