ERIC ALAN DICUS, PETITIONER, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HONORABLE PETER I. BREEN, A DISTRICT JUDGE THEREOF, RESPONDENTS.

No. 12816

June 2, 1981                           625 P.2d 1175

---

*William Dunseath,* Public Defender, and *Lew W. Carnahan,* Deputy Public Defender, Washoe County, for Petitioner.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Donald K. Coppa,* Deputy District Attorney, Washoe County, for Respondents.

## OPINION

*Per Curiam:*

Petitioner Dicus seeks extraordinary relief mandating that the district court "forthwith transfer the case and record to the juvenile division." Dicus is under indictment for attempted murder alleged to have been committed when he was seventeen years old.

The words, "forthwith transfer the case and record to the juvenile division" are taken directly from NRS 62.050, which is

also cited in the body of the petition before us. NRS 62.050 reads as follows:

> 62.050. Transfer of cases to juvenile division. If, during the pendency of a criminal or quasi-criminal charge, except a charge of murder or attempted murder, brought against a person in any court, it is ascertained that the person was under the age of 18 years when the alleged offense was committed, the court shall forthwith transfer the case and record to the juvenile division. The court making such transfer shall order the child to be taken forthwith to the place of detention designated by the juvenile division or to that court itself, or release the child to the custody of some suitable person, to be brought before the court at a time designated.

The statute excepts "a charge of murder or attempted murder"; the minor is under indictment for attempted murder, so there can be no transfer to the juvenile division as requested in the petition. *See* Lehmann, v. Warden, 87 Nev. 24, 480 P.2d 155 (1971).

Although it is not requested in the prayer of the petition, petitioner states in the body of the petition that he is "seeking specific performance of his plea bargain." There was a plea bargain in which Dicus agreed to plead guilty to a supplemental information charging battery with the use of a deadly weapon. After the plea the trial judge had second thoughts, brought Dicus and counsel back into court and, after concluding that there was no jurisdiction to accept the plea, dismissed the supplemental information.

It would appear that since the supplemental charge is for a criminal offense other than murder or attempted murder, the matter must fall within the "exclusive original jurisdiction" of the juvenile court. NRS 62.040. However, a number of jurisdictions have examined this question and have concluded that when the adult court acquires jurisdiction in a prosecution of an offense excluded from juvenile court jurisdiction, jurisdiction is maintained to convict of the charged crime and its lesser included offenses. Gray v. State, 253 A.2d 395 (Md. 1969).

Whether battery with the use of a deadly weapon is a lesser included offense within attempted murder depends on the facts

of each case. Attempted murder can be committed with or without an assault or battery. Graves v. Young, 82 Nev. 433, 420 P.2d 618 (1966).

Since this determination remains for the district court to make, extraordinary relief is denied. The district court should proceed in a manner consistent with this opinion.