## ROBERT ALLAN SLOBODIAN, AKA BOBBY BRAZIL, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 13224

January 28, 1982          639 P.2d 561

*John C. DeGraff,* Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *William A. Maddox,* District Attorney, Carson City; *Robert B. Walker,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

By the Court, Mowbray, J.:

Appellant challenges his conviction for statutory sexual seduction, claiming that the jury was improperly instructed that statutory sexual seduction is a necessarily included offense of sexual assault. We agree and reverse.

### THE FACTS

Appellant was tried on a two-count information. The first count charged kidnapping (NRS 200.310), and the second count charged sexual assault (NRS 200.366). The information did not charge appellant with statutory sexual seduction (NRS 200.364(3)), and the prosecutor told appellant before trial that he would not seek a conviction for statutory sexual assault.

At the close of testimony, the district judge, *sua sponte,* instructed the jury over appellant's objection that statutory sexual seduction is a lesser included offense of sexual assault. The jury found appellant not guilty of the charged offenses: sexual assault and kidnapping, but convicted him of statutory sexual seduction.

## THE PROPRIETY OF THE INSTRUCTION

NRS 175.501 permits a defendant to be convicted of "an offense necessarily included in the offense charged. . . ." In Lisby v. State, 82 Nev. 183, 187, 414 P.2d 592, 594 (1966), this court stated that, "to determine whether an offense is necessarily included in the offense charged, the test is whether the offense charged cannot be committed without committing the lesser offense." The instant case does not meet the test: the crime of statutory sexual seduction requires a victim under the age of sixteen,[1] while the age of the victim is irrelevant to the crime of sexual assault.[2] Therefore, the giving of the instruction was error, and the conviction must be reversed. *See* McKinnon v. State, 96 Nev. 821, 618 P.2d 1222 (1980); State v. Carter, 79 Nev. 146, 379 P.2d 945 (1963).

The state relies on decisions of this court which stated that whether one crime is a lesser included offense of another depends on the circumstances of each case. Dicus v. District Court, 97 Nev. 273, 625 P.2d 1175 (1981) (battery with the use of a deadly weapon may be a lesser included offense of attempted murder); Graves v. Young, 82 Nev. 433, 420 P.2d 618 (1966) (assault with intent to kill may be a lesser included offense of attempted murder). However, those decisions are not applicable in the instant case. *Dicus* and *Graves* each involved a lesser crime that was so closely related to the charged offense that it was necessary for the prosecutor to prove the lesser offense in order to prove the greater. In contrast, in the instant case, the prosecutor was not required to show the victim's age in order to show that a sexual assault

---

[1]NRS 200.364(3) states:

'Statutory sexual seduction' means ordinary sexual intercourse, annal intercourse, cunnilingus or fellatio committed by a person 18 years of age or older with a consenting person under the age of 16 years.

[2]NRS 200.366(1) defines sexual assault:

A person who subjects another person to sexual penetration, or who forces another person to make a sexual penetration on himself or another, or on a beast, against the victim's will or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his conduct, is guilty of sexual assault. . . .

occurred. Moreover, *Dicus* and *Graves* arose in procedural contexts that did not present the problems of notice to the defendant that the instant case poses.

When the issue of lesser included offenses arises because a defendant claims that the lesser offense was not properly charged, serious problems of notice and fairness arise. This court has stated that an indictment or information "must be definite enough to prevent the prosecutor from changing the theory of the case, and it must inform the accused of the charge he is required to meet." Husney v. O'Donnell, 95 Nev. 467, 469, 596 P.2d 230, 231 (1979).

In the instant case the information did not charge statutory sexual seduction, but sexual assault. Although the information did mention the victim's age, it did not give notice to the defendant that he would face the charge of statutory sexual seduction; indeed, the defendant was specifically assured he would not be held to answer such charges. The defendant met the charge of sexual assault by claiming consent, and testified to consensual sexual intecourse with the victim. Only after giving this testimony was the defendant informed that he faced a conviction for statutory sexual seduction.

We hold that the giving of the contested instruction was error in this case. The judgment of conviction is accordingly reversed.

GUNDERSON, C. J., and MANOUKIAN and SPRINGER, JJ., and ZENOFF, Sr. J.,[3] concur.