KAREN LYNETTE OWENS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 14935

May 10, 1984                                680 P.2d 593

*Morgan D. Harris,* Public Defender, and *Michael L. Peters,* Deputy Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Following a jury trial, appellant was convicted of one count each of burglary, attempted robbery with the use of a deadly weapon upon a victim 65 years of age or older, battery with the use of a deadly weapon upon a victim 65 years of age or older, and conspiracy to commit robbery.

Appellant was charged as an aider and abettor in the commission of the first three offenses. At trial, the evidence indicated that appellant had helped her accomplice, Larry Williams, enter the victim's residence, and that Williams had immediately thereafter pointed a gun at the victim's face and had then begun beating the victim on the head with the gun. The victim, however, managed to take possession of one of his own firearms, and shot Williams several times, causing Williams' death. The victim was not sure what appellant was doing during the course of this struggle, and only noticed that she had left the residence when the shooting had ceased.

The victim testified at trial that neither appellant nor Williams had ever stated that they wished to rob him, but that he had simply inferred from the fact that Williams was beating him that they wanted his money. Nothing was found missing from his residence following the commission of the crime.

Appellant contends that under the particular facts of her case, the battery offense was a lesser included offense of the

crime of attempted robbery, and that her fifth amendment right not to be placed twice in jeopardy was therefore violated when she was convicted for both offenses. We agree.

Nevada has adopted the double jeopardy test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932), in which that court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *See* Givens v. State, 99 Nev. 50, 56, 657 P.2d 97, 101 (1983); Litteral v. State, 97 Nev. 503, 508, 634 P.2d 1226, 1229 (1981). We have further held that under the *Blockburger* test it will always be impermissible for a defendant to be convicted of both a greater and a lesser included offense. *See* Givens v. State, *supra*.

At the outset, we note that the general test for determining the existence of a lesser included offense is whether the offense in question "cannot be committed without committing the lesser offense." *See* Lisby v. State, 82 Nev. 183, 187, 414 P.2d 592, 594 (1966). Battery requires only the "willful and unlawful use of force or violence upon the person of another." NRS 200.481(1)(a). Attempted robbery, on the other hand, requires an intentional and unlawful attempt to take another person's property "by means of force or violence or fear of injury, immediate or future, to his person or property. . . . " NRS 200.380(1), 208,070. It is clear that not every time a person commits an attempted robbery will he necessarily also commit a battery. Thus, under the *Lisby* test, battery would not be viewed as a lesser included offense of robbery or attempted robbery.

We have not, however, always applied the *Lisby* test in such a strict manner, and have instead held that one may look to the particular facts of a case to determine whether one crime is a lesser included offense of another crime. *See* Dicus v. District Court, 97 Nev. 273, 625 P.2d 1175 (1981) (battery with the use of a deadly weapon may be a lesser included offense of attempted murder depending upon the means used to commit the attempted murder); Graves v. Young, 82 Nev. 433, 420 P.2d 618 (1966) (assault with intent to kill may be a lesser included offense of attempted murder if assaultive means were used to commit the attempted murder). In Slobodian v. State, 98 Nev. 52, 53, 639 P.2d 561, 563 (1982), we recognized that the above rule is applicable whenever the lesser crime is "so closely related to the [greater] offense that it [is] necessary for

the prosecutor to prove the lesser offense in order to prove the greater.''

The state contends that it was not necessary for the prosecution to have proven the battery in the present case in order to prove the attempted robbery. The state asserts that the attempted robbery was complete when Williams pointed the gun at the victim's face, and that the act of beating the victim on the head constituted a separate act of battery which the state did not need to prove in order to prove the attempted robbery. There may, of course, be situations in which a defendant may be convicted for the two separate acts of an attempted robbery and a battery, committed in the course of continuing criminal activity. *See, e.g.,* Litteral v. State, *supra* (appellant conceded that he could be convicted of one count of battery as well as one count of robbery, where appellant had beaten the victim on the head while an accomplice robbed him). Under the facts of this case, however, we must conclude that it was necessary for the state to prove the battery in order to prove the attempted robbery, and that appellant therefore could not be convicted of both offenses.

From the start of this case, the state sought to prove its allegation of attempted robbery by relying on the fact that Williams had beaten the victim. The information filed against appellant specifically alleged that the attempted robbery had been committed by means of beating the victim upon the head and body with a firearm; the exact same act was charged with respect to appellant's commission of the battery offense. Additionally, the state appears to have relied heavily upon the victim's testimony that he believed Williams was beating him on the head with the intent to take his money. The record in front of this court indicates that the state clearly proceeded on the theory of prosecution that, under the specific facts of this case, it was necessary to prove the battery in order to prove the attempted robbery charge, thereby rendering the battery a lesser included offense of the attempted robbery. *See* Slobodian v. State, *supra.*

Appellant could therefore not be convicted of both offenses. Contrary to appellant's argument, however, we conclude that the proper remedy in this case is reversal of the lesser included offense rather than the greater offense.[1] *See, e.g.,* Givens v.

---

[1]To the extent that appellant has sought to raise a sufficiency of the evidence claim with respect to the attempted robbery conviction, we must conclude that this argument is without merit. *See* Jensen v. Sheriff, 89 Nev. 123, 508 P.2d 4 (1973) (intent to commit a crime may be inferred from circumstances surrounding the crime itself).

State, *supra*. Accordingly, appellant's conviction of battery with the use of a deadly weapon upon a victim 65 years of age or older is reversed. The judgment of conviction is affirmed in all other respects.