OPINION
By the Court,
Springer, J.:
Appellant Termaine Robinson was charged with statutory sexual assault of a fourteen-year-old female. Robinson, who was seventeen years old when the crime was committed, was certified *1138 under NRS 62.080 to be tried as an adult. At his trial, Robinson requested an instruction on a lesser-included offense, statutory sexual seduction, a violation of NRS 200.364(3). The trial court refused to give the instruction.
There is no question but that Robinson would be entitled to the requested instruction except for the fact that he was seventeen at the time that the crime was committed, and NRS 200.364(3) prohibits a “person 18 years of age or older” from having sexual intercourse with a “person under the age of 16 years.” (Emphasis added.) The trial judge understandably reasoned that since Robinson was not “a person 18 years or older,” he could not legally be convicted of sexual seduction. Since Robinson could not, under the literal reading of the statute, be convicted of the crime of statutory sexual seduction, the trial judge refused to give the requested instruction.
The question presented on this appeal is whether a minor who has been certified to stand trial as an adult on charges of sexual assault is entitled to an instruction on the lesser-included offense of statutory sexual seduction. We answer that question in the affirmative.
If Robinson had been a “real” adult criminal defendant (over eighteen), he would have had the benefit of a statutory sexual seduction instruction and might have been convicted of this lesser crime. As it is, Robinson is a synthetic adult criminal defendant (under eighteen), who has been unwillingly subjected to adult “criminal proceedings” by virtue of NRS 62.080. It simply is not fair to use the juvenile-to-adult certification statute to force Robinson out of the juvenile court and into the adult court, and yet at the same time to deny him an important benefit that would have been available to him if he had been the usual, over-eighteen adult criminal defendant.[1]
Although the sexual seduction statute refers to sexual acts “committed by a person 18 years or older” against a “person under the age of 16,” Robinson is a court-declared adult and is no longer a child in the eyes of the criminal law. See In the Matter of Seven Minors, 99 Nev. 427, 664 P.2d 947 (1983).[2] The fact that *1139 NRS 200.364(2) defines adult in terms of “a person 18 years or older” and does not specifically apply to a person certified to be an adult under NRS 62.080 should not place Robinson at this serious disadvantage. To consider Robinson as an adult “in the eyes of the law” and as a person who is competent to violate the sexual seduction statute is reasonable and does no violence to the meaning of the statute. If the district court is going to transmute the underaged Robinson into an adult, the court must at the same time turn him into an adult with the same advantages that would be available to an over-eighteen criminal defendant.[3] If the court were not in a position to give to this certified adult the same rights and privileges given to adult defendants, then it should not “certify the child for proper criminal proceedings.” NRS 62.080. In summary, Robinson is entitled to the same instructions as other adults accused of the crime of sexual assault, because he was tried as an adult. The trial court erred when it refused to give the instruction on the lesser included-offense of statutory sexual seduction; accordingly, the judgment of conviction is reversed, and the case is remanded for a new trial.
Rose, C. J., and Steffen, J., concur.
Young, J., with whom Shearing, J., joins, dissenting:
I respectfully dissent from the majority opinion. The Nevada Legislature has defined statutory sexual seduction as a crime only applicable to persons over the age of eighteen. Robinson was seventeen at'the time of the sexual attack. The majority concludes that “[t]o consider Robinson as an adult ‘in the eyes of the law’ and as a person who is competent to violate the sexual seduction statute is reasonable and does no violence to the meaning of the statute.”
I could not disagree more fervently. Statutory sexual seduction is an age-based offense. The age parameters selected by the legislature and inserted into the definitional language of the statute are at the core of the criminal conduct. The only reason the majority opinion does no violence to the language of NRS 200.364(3) is because it neglects the language entirely. I am of the opinion that it is not the business of courts to look beyond the plain and unwavering meaning of statutory language.
The intent behind a “statutory rape” law is not to protect *1140 persons of tender years from sixteen- and seventeen-year-old attackers. Are we to see the incomprehensible, a boy of sixteen or seventeen years being convicted of statutory sexual seduction for assaulting one of his peers? The majority brings the unthinkable to fruition and creates law.
If this is not enough to shock the conscience, I point to another colossal flaw in the majority opinion. In accordance with Nevada’s adult certification laws, the adult court system lacks jurisdiction to convict Robinson of statutory sexual seduction. Under NRS 62.080, a juvenile over the age of sixteen can only be certified to stand trial as an adult when charged with a crime that would be a felony if committed by an adult.[1] Statutory sexual seduction committed by a person under the age of twenty-one and over the age of eighteen (Robinson by the majority’s rationale) is a gross misdemeanor. NRS 200.368(2). By its express terms, NRS 62.080 does not apply to statutory sexual seduction. Therefore, upon remand, the district court has no jurisdiction to prosecute Robinson for this lesser related offense.[2] As a general proposition, prosecuting a minor for a misdemeanor charge falls within the scope of the juvenile court’s exclusive jurisdiction. NRS 62.040; see also Robert E. v. Justice Court, 99 Nev. 443, 448, 664 P.2d 957, 960 (1983) (certification as an adult only applies to specific charge administered in district court).
To get around this jurisdictional dilemma, I presume that the majority is not only suggesting that Robinson is over eighteen for the purposes of statutory sexual seduction, but that he is also over the age of eighteen for the purposes of adult certification under NRS Chapter 62. Yet if this is the case, there was simply no reason for Robinson to have been certified to stand trial as an adult in the first place. In the alternative, the majority may be suggesting that Robinson is over the age of twenty-one and, thus, *1141 any violation of NRS 200.364(3) would be a felony without the need for adult certification. As one can see, this type of mysterious and confusing judicial undertaking not only “does no violence” to NRS 200.364(3), it also “does no violence” to NRS 62.080.
I cannot condone circumventing a specific element of criminal activity and specific jurisdictional language merely to afford Robinson the benefit of a judicially created instructional doctrine. See In re Frederick, 604 P.2d 953, 954 (Wash. 1980) (juvenile offender could not be convicted of first-degree escape because statutory definition specifically required that individual be an adult); see also State v. Pitts, 714 P.2d 582 (N.M. 1986) (whether or not a minor can be convicted of a crime hinges upon particular language of applicable statute). Robinson’s argument is with the Nevada Legislature and not this court.[3]
If one accepts the majority’s rationale, Robinson has miraculously received the benefit of an additional year of life. He is over eighteen. Perhaps this court should contact government authorities and inform them that Robinson has failed to register for selective service. In addition, perhaps Robinson should present the majority’s opinion to his local voting authority and proclaim that he is eligible to vote in the upcoming elections. Although these are absurd propositions, I submit that the majority opinion rests upon the same footing.

 Although Robinson has not raised an equal protection claim in this appeal, it does appear that the State’s treatment of Robinson would not pass even rational-basis scrutiny.

 “Once in a given case transfer is decided upon ... the youth is no longer presumed to be a child in the eyes of the law and no longer entitled to the grace provided by the Juvenile Court Act in that particular case.” Seven Minors, 99 Nev. at 433, 664 P.2d at 951. If Robinson is no longer a child in the eyes of the law and is not entitled to the grace given to children under our juvenile law, then Robinson should be treated as an adult with respect to the sexual seduction statute, NRS 200.364(3).

 Of course this reasoning would apply equally to Robinson’s possible conviction, on remand, of statutory sexual seduction. Robinson has been certified as an adult and should receive the benefit of an adult instruction on statutory sexual seduction. After receiving this benefit, he will not in the future be heard to say that he is not competent to be convicted of statutory sexual seduction because he was under eighteen at the time the alleged acts were committed.

 NRS 62.080 provides in pertinent part:
1. If a child 16 years of age or older is charged with an offense which would be a felony if committed by an adult, the juvenile division of the district court, after full investigation, may retain jurisdiction or certify the child for proper criminal proceedings to any court which would have jurisdiction to try the offense if committed by an adult....
(Emphasis added.)

 We have held that where a charge falls outside the exclusive jurisdiction of the juvenile court, the district court may convict the juvenile of the certified crime and any lesser included offenses. Dicus v. District Court, 97 Nev. 273, 275, 625 P.2d 1175, 1177 (1981). Yet even if the rule in Dicus were applicable, statutory sexual seduction is not a lesser included crime to sexual assault. Slobodian v. State, 98 Nev. 52, 639 P.2d 561 (1982) (sexual assault can be committed without necessarily committing statutory sexual seduction; therefore, statutory sexual seduction is not a lesser included offense).

 I can also foresee a scenario where Robinson is convicted of statutory sexual seduction and then files a habeas corpus petition in federal court, wherein he claims it was a violation of due process to have been convicted by Nevada’s adult court system for a crime it was impossible to commit.