In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-3285

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

HIRAM ABIFF MCCULLOUGH,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:01CR40080-001-JPG—**J. Phil Gilbert**, *Judge.*

ARGUED JULY 9, 2003—DECIDED OCTOBER 30, 2003

Before BAUER, COFFEY, and MANION, *Circuit Judges.*

BAUER, *Circuit Judge.* A jury found Hiram Abiff McCullough guilty of five counts of willfully selling firearms without recording the name, age, and residence of the buyer, 18 U.S.C. §§ 922(b)(5), 924(a)(1)(D), and one count of aiding and abetting another in willfully engaging in the business of dealing firearms without a license, 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D). McCullough sought to submit to the jury an instruction that a recordkeeping offense under 18 U.S.C. § 922(m) is a lesser-included offense of § 922(b)(5). The district court refused to submit the instruction, and McCullough appeals. Because the district court

should have instructed the jury that § 922(m) is a lesser-included offense of § 922(b)(5), we reverse McCullough's five convictions under § 922(b)(5) and remand the case for further proceedings.

**I.**

McCullough, a licensed firearms dealer, operated a gun shop that ATF agents began investigating in 2001. Dean West was a regular customer at McCullough's shop, and ATF agents had recently arrested West for dealing in firearms without a license. West cooperated with the agents and agreed to make several "controlled buys" at McCullough's shop. Under the direction of the ATF agents, West on five occasions purchased used firearms on display at McCullough's shop. McCullough did not complete ATF form 4473 for any of the five transactions. Because a licensed dealer must complete ATF form 4473 whenever selling a firearm, 27 C.F.R. § 478.124(a), ATF agents obtained a search warrant and interviewed McCullough after advising him of his *Miranda* rights.

During the interview McCullough explained that West would purchase used firearms from his store in two ways. The first and most common way was that a customer with a firearm to sell would approach McCullough, and he would call West, who would come to the store and buy the firearm directly from the customer. Alternatively, if West could not come to the shop to purchase the firearm, McCullough would hold the used firearm for him. If the customer wanted to purchase a new firearm, McCullough would charge only the difference between the price of the new firearm and the value of the used firearm, in anticipation that West would pay the difference. McCullough explained in the interview that he did not believe that he needed to record the transactions of the used firearms:

RN [Special Agent Robert Nosbisch]: Ok. And there was also instance [sic] where the individual would come here, leave the gun with you. You would sell the gun to Dean West and you would collect the money. Is that correct?

HM [Hiram McCullough]: Yes. I was acting as, it was a, a made up deal. You know. The deal was made and uh the guy couldn't wait around, so I collected the money.

RN: Ok. Why did you not put these—

HM: It was less than twenty-four hours. That's the only thing where I'm really screwed up I guess, the twenty-four hour thing.

RN: When someone left a gun here?

HM: Yeah.

RN: Ok. But do you understand that any guns that come, any gun that comes in your store is required to be put on your books if you're selling it. Or the transaction occurs where someone else acquires a gun. You understand that?

HM: I'm going to be honest with you.

RN: Un huh.

HM. I did not understand. I thought the twenty-four hour thing was in there. I apologize.

RN: No, no that's (inaudible).

HM: I really thought the twenty-four hour thing covered my butt.

Later at trial McCullough elaborated on the "twenty-four hour" rule, which he understood to mean that "if a gun did not stay in the building by the end of the business day on the following day, . . . [y]ou didn't have to disclose those firearms in your books."

At trial McCullough testified regarding his policy of not accepting "trade-ins," *i.e.*, used firearms that customers wanted to exchange for new firearms. He explained that in the early 1990s he decided to stop accepting them because his wife "almost got shot" by a used firearm that a customer had altered by doing a "trigger job on it." McCullough admitted that he would sometimes hold used firearms for West, but he emphasized that he never made a profit on those transactions. He testified that he believed that he did not have to complete ATF form 4473 for those transactions because he did not consider the used guns to be his "property." Additionally, he testified that he thought that he did not have to record those transactions based on the "24-hour rule."

McCullough also called as witnesses several customers who originally owned the used firearms that were the subjects of the controlled buys. For example, Steve Paddick owned a Taurus .44 Magnum that West purchased during the fourth controlled buy. Paddick testified that he brought the Taurus to McCullough's shop and that McCullough told him that he would try to help sell it. Paddick then put a price of $450 on the Taurus and left it at the shop. About two weeks later Paddick received a call from West, who offered to pay $425 for the Taurus. Paddick agreed to that price, and West went to McCullough's shop to purchase the Taurus.

At the end of the trial McCullough asked the court to submit to the jury an instruction explaining that a recordkeeping offense under § 922(m) is a lesser-included offense of § 922(b)(5). The district court heard arguments from counsel and compared the statutes side-by-side. Section 922(b)(5), the charged offense, provides that

> (b) It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver—
>
> . . .

(5) any firearm or armor-piercing ammunition to any person unless the licensee notes in his records, required to be kept pursuant to section 923 of this chapter, the name, age, and place of residence of such person if the person is an individual, or the identity and principal and local places of business of such person if the person is a corporation or other business entity.

The scienter requirement for § 922(b)(5) is found in § 924(a)(1)(D):

(a)(1) Except as otherwise provided in this subsection, subsection (b), (c), or (f) of this section, or in section 929, whoever—

. . .

(D) *willfully* violates any other provision of this chapter, shall be fined under this title, imprisoned not more than five years, or both.

(Emphasis added). The offense for which McCullough sought a jury instruction, § 922(m), provides that

It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector knowingly to make a false entry in, to fail to make appropriate entry in, or to fail to properly maintain, any record which he is required to keep pursuant to section 923 of this chapter or regulations promulgated thereunder.

A violation of § 922(m) is punished as a misdemeanor pursuant to § 924(a)(3)(B).

After comparing the elements of each offense, the district court concluded that § 922(m) is not a lesser-included offense of § 922(b)(5) because § 922(m) can be violated in ways that would not violate § 922(b)(5). Nevertheless, the court was "given pause because it [was] hard pressed to conceive how a defendant's failure to note a firearm pur-

chaser's name, age or place of residence in his records could ever *not* constitute a failure to 'make appropriate entry in' [sic] a record under the law as it now stands." The court went on to hold that, although § 922(m) is not a lesser-included offense of the § 922(b)(5), "if it was a lesser included offense, there was sufficient evidence to give that [instruction] to the jury."

## II.

McCullough argues that the district court erred in refusing to instruct the jury that § 922(m) is a lesser-included offense of § 922(b)(5). He also contends that, in any event, § 922(b)(5) is punishable as a misdemeanor, not a felony, and at the very least we should remand the case for resentencing.

### A.  Lesser-included offense

To be entitled to an instruction regarding a lesser-included offense, a defendant must establish that (1) the offense on which he seeks an instruction is a lesser-included offense of the one charged, and (2) a rational jury could find him guilty of the lesser offense but not guilty of the greater offense. *Schmuck v. United States*, 489 U.S. 705, 716 & n.8 (1989). We review the first prong of that test *de novo* and the second prong for an abuse of discretion. *United States v. Harrison*, 55 F.3d 163, 167 (5th Cir. 1995); *United States v. Vaandering*, 50 F.3d 696, 703 (9th Cir. 1995); *see also United States v. Hill*, 196 F.3d 806, 807-08 (7th Cir. 1999) (discussing only the second prong).

The district court held that McCullough failed to satisfy the first prong of the test because the elements of § 922(m) are not a subset of the elements of § 922(b)(5). Under Federal Rule of Criminal Procedure 31(c), a jury may find the defendant guilty of "an offense necessarily included in

the offense charged." To determine whether a particular offense is "necessarily included" in the charged offense, courts apply the "elements" test, which holds that a lesser offense is necessarily included in the charged offense if its elements are a subset of the elements of the charged offense. *Schmuck*, 489 U.S. at 716. An offense is not a lesser-included one if it contains an element that is not required by the greater offense. *Id*. In making this determination, we must compare "the statutory elements of the offenses in question, and not . . . [the] conduct proved at trial." *Id*. at 716-17.

No court has analyzed whether § 922(m) is a lesser-included offense of § 922(b)(5), and we will approach the issue by comparing the statutes side-by-side. The elements of an offense charged under § 922(b)(5) are:

> (1) that the defendant is a licensed dealer;
>
> (2) that the defendant sold a firearm to a person;
>
> (3) without noting in his required records the name, age, and place of residence of the person; and
>
> (4) that the defendant did so willfully.

The elements of an offense charged under § 922(m) are:

> (1) that the defendant is a licensed dealer;
>
> (2) that the defendant made a false entry in, failed to make an appropriate entry in, or failed to properly maintain his required records; and
>
> (3) that the defendant did so knowingly.

We see three differences between § 922(b)(5) and § 922(m) that we must analyze to determine whether § 922(m) is a lesser-included offense, and we will discuss first the most complex difference. One element of § 922(b)(5) is that the defendant failed to record the name, age, and place of residence of the buyer. The corresponding element of

§ 922(m) is that the defendant made a false entry in, failed to make an appropriate entry in, or failed to properly maintain the required records. Obviously, the text of these elements are literally different, but the "elements" test is not so narrow that it does not encompass the normal principles of statutory construction. *See Carter v. United States*, 530 U.S. 255, 262-63 (2000) (agreeing that the elements test requires more than a mere "textual comparison" of the statutes in question and applying "normal principles of statutory construction"); *Rutledge v. United States*, 517 U.S. 292, 300 (1996) (concluding that conspiracy under 21 U.S.C. § 846 is a lesser-included offense of a continuing criminal enterprise under 21 U.S.C. § 848 because the elements of conspiracy require the same proof as the "in concert" requirement of § 848).

The government argues that § 922(m) cannot be a lesser-included offense of § 922(b)(5) because there are "multiple events which could trigger a violation of § 922(m)" that would not violate § 922(b)(5). While that may be true, the government ignores the fact that it is impossible for a defendant to violate § 922(b)(5) without also violating § 922(m). *See Schmuck*, 489 U.S. at 719 (approving cases holding that "the lesser [offense] must be such that it is impossible to commit the greater offense without first having committed the lesser" (internal quotation marks and citation omitted)); *United States v. Chanthadara*, 230 F.3d 1237, 1257-58 (10th Cir. 2000). It is impossible for a firearms dealer to fail to record the name, age, and residence of a buyer (the greater offense) without also failing to make an appropriate entry in his records or failing to properly maintain his records.[1] The mere fact that it is

---

[1] The government argued before the district court that the elements of these two offenses are different because they refer to different records required to be kept under 18 U.S.C. § 923.

(continued...)

*possible* to violate § 922(m) (the lesser offense) without violating § 922(b)(5), such as by failing to record the serial number of the firearm, should not prevent it from being a lesser-included offense because § 922(m) does not *require* proof of those other possibilities if the government has proven a violation of § 922(b)(5). *See Schmuck*, 489 U.S. at 716 ("Where the lesser offense *requires* an element not required for the greater offense, no instruction is to be given under Rule 31(c)." (Emphasis added)).

To put it another way, insofar as the statutory elements are concerned, proof of the greater offense invariably will prove the lesser offense. *See id*. at 717 (rejecting the inherent relationship approach because under that test "proof of one offense does not invariably require proof of the other"). Once the government has put forth the evidence necessary to satisfy each essential element of § 922(b)(5), it need not provide additional evidence to prove a violation of § 922(m). Thus, concluding that § 922(m) is a lesser-included offense of § 922(b)(5) would not run afoul of *Schmuck*'s concern that a defendant not be exposed to a charge whose elements were not contained in the indictment. *See id* at 717-18. But that is not to say that we need

---

[1] (...continued)

According to the government, the required record for § 922(b)(5) is ATF form 4473, which must be completed whenever a dealer sells a firearm. The required record for § 922(m), the government argued, is an "acquisition or disposition book." This argument, which the government has abandoned on appeal, lacks merit because a licensed dealer violates § 922(m) by failing to make an appropriate entry in "*any record* which he is required to keep pursuant to section 923 of this chapter or regulations promulgated thereunder." (Emphasis added). Thus, the government is incorrect that § 922(m) refers only to records in an "acquisition or disposition book," and ATF form 4473 qualifies as "any record" because it is a record required to be kept pursuant to 27 C.F.R. § 478.124(a).

to look to the facts at trial to determine whether § 922(m) is a lesser-included offense of § 922(b)(5). *See id.* at 716-17 (rejecting the approach of the inherent relationship test, which requires a court to consider the conduct proved at trial). A court can determine from looking at the statutes side-by-side that the failure to record the name, age, and residence of a buyer would violate both § 922(b)(5) and § 922(m).

We found only one federal case that addresses the issue of a lesser offense that can be violated in multiple ways, at least one of which would not violate the greater offense. *See United States v. Alfisi*, 308 F.3d 144, 152 n.6 (2d Cir. 2002). In *Alfisi* the greater offense was bribery of a public official, 18 U.S.C. § 201(b)(1)(A), which includes as an element the promise or delivery of a benefit to a *present* or *future* public official, *id.* at 161 n.3 (Sack, J., dissenting). The lesser offense of making an illegal gratuity, 18 U.S.C. § 201(c)(1)(A), includes as an element the promise or delivery of a benefit to a present, future, or *past* official, *id.* The majority held that the fact that the lesser offense included an alternative not required by the greater offense did not preclude it from being a lesser-included offense because the other two alternatives were subsets of the greater offense.[2] The court pointed to *Rutledge*, 517 U.S. at 300, which holds that 21 U.S.C. § 846 is a lesser-included offense of 21 U.S.C. § 848 even though just one of the two alternative means of violating § 846 can give rise to a violation of § 848. The *Alfisi* court reasoned that, because Congress could have enacted separate criminal statutes to reach the conspiracies and the attempts punished under

---

[2]  The dissenting judge did not disagree with the majority on this point, concluding only that "I think it is an open question whether the elements test precludes a charge on a lesser offense that requires 'A or B' when the greater offense requires merely 'A.'" *Alfisi*, 308 F.3d at 161 n.3 (Sack, J., dissenting).

§ 846, it would be "an unnecessary and formalistic require-
ment on how Congress drafts criminal statutes" to hold that
the presence of alternative means of satisfying an element
would preclude a statute from being a lesser-included
offense. *Alfisi*, 308 F.3d at 152 n.6. We agree with the
reasoning in *Alfisi* and join the Second Circuit in holding
that alternative means of satisfying an element in a lesser
offense does not preclude it from being a lesser-included
offense. We thus conclude that the first difference between
§ 922(b)(5) and § 922(m) does not preclude § 922(m) from
being a lesser-included offense.

The remaining two differences between § 922(b)(5) and
§ 922(m) are more straightforward. Section 922(b)(5)
requires a sale or delivery of a firearm, while § 922(m) does
not. The government relies heavily on this difference in
support of its argument that § 922(m) is not a lesser-
included offense, but that difference is irrelevant because
what matters is whether the *lesser* offense, not the greater
one, has an additional element. *Schmuck*, 489 U.S. at 716;
*United States v. Boyles*, 57 F.3d 535, 544 (7th Cir. 1995).
Obviously, a *greater* offense will always have at least one
additional element not found in the lesser-included offense.
Otherwise, the two crimes would be the same.

The final difference between the two statutes is that the
charged offense requires that the defendant act "willfully,"
while the lesser offense, § 922(m), requires that the defen-
dant act "knowingly." But that difference does not preclude
§ 922(m) from being a lesser-included offense because the
"knowingly" standard is a subset of the "willfully" standard.
In the context of the statutes in question, to act "knowingly"
the defendant need only "inten[d] to do the act that is
proscribed by law," *United States v. Obiechie*, 38 F.3d 309,
315 (7th Cir. 1994), while to act "willfully" the defendant
must also have "acted with knowledge that his conduct was
unlawful," *Bryan v. United States*, 524 U.S. 184, 193 (1998).
Thus, "the only reasonable distinction between . . . [the]

'knowingly' and 'willfully' standards is that the latter requires knowledge of the law." *Obiechie*, 38 F.3d at 315; *accord Bryan*, 524 U.S. at 193; *United States v. Rietzke*, 279 F.3d 541, 545 (7th Cir. 2002). Accordingly, the "knowingly" standard requires nothing more than the "willfully" standard, and the different mental states does not prevent § 922(m) from being a lesser-included offense of § 922(b)(5). *See United States v. Browner*, 889 F.2d 549, 553 & n.3 (5th Cir. 1989) (concluding that *Schmuck* did not intend to "uproot" the traditional rule that a difference "in the level of culpability" between offenses does not preclude one from being a lesser-included of the other). The government does not contend otherwise. Thus, the three differences between § 922(b)(5) and § 922(m) do not prevent § 922(m) from being a lesser-included offense, and the first prong of the test for instructing the jury is therefore satisfied.

As for the second prong, a district court must instruct the jury regarding a lesser-included offense only if a rational jury could have found the defendant guilty of the lesser offense but not guilty of greater offense. *Schmuck,* 489 U.S. at 716 n.8; *United States v. Chrismon*, 965 F.2d 1465, 1476 (7th Cir. 1992). "[T]he issue with respect to this second prerequisite is whether the proof of the element necessary for the greater crime but not for the lesser crime is sufficiently in dispute." *Chrismon*, 965 F.2d at 1476-77 (internal quotation marks and citation omitted).

The district court concluded that if § 922(m) was a lesser-included offense of § 922(b)(5), then "there was sufficient evidence to give that [instruction] to the jury." The government does not challenge that holding and fails to even mention the second prong of the test for instructing the jury on lesser-included offenses. But even if the government had challenged this part of the district court's decision, we would review it only for an abuse of discretion. *Hill,* 196 F.3d at 807-08.

The two elements necessary for § 922(b)(5), but not required for § 922(m), are (1) the sale or delivery of a firearm; and (2) knowledge of the law, *i.e.*, the difference between acting "willfully" and "knowingly." It was not an abuse of discretion for the district court to conclude that these elements were sufficiently in dispute such that the jury rationally could find McCullough guilty of § 922(m) and not guilty of § 922(b)(5). At trial McCullough testified that he did not consider the trade-ins as his own property, and he pointed to the fact that he did not make a profit on those firearms. Thus, the jury could have concluded that those transactions did not constitute a "sale or delivery" of a firearm. Additionally, at trial and in his interview with the ATF agents, McCullough explained that he believed that he did not need to complete ATF form 4473 for the trade-ins because of the "24-hour rule." Thus, the jury could have concluded that McCullough did not have "knowledge of the law" and did not act willfully. Accordingly, McCullough presented evidence to sufficiently dispute the two elements required by § 922(b)(5), but not for § 922(m), and he therefore satisfied the second prong of the test for instructing the jury regarding a lesser-included offense.

One might argue that the jury obviously felt that there was sufficient evidence to convict McCullough of the greater offense because that is exactly what the jury did. The jury, however, was never given the option to convict McCullough of anything less than § 922(b)(5). "[W]here the jury suspects that the defendant is plainly guilty of *some* offense, but one of the elements of the charged offense remains in doubt, in the absence of a lesser offense instruction, the jury will likely fail to give full effect to the reasonable-doubt standard, resolving its doubts in favor of conviction." *Schmuck*, 489 U.S. at 717 n.9. Thus, because § 922(m) is a lesser-included offense of § 922(b)(5) and because McCullough presented evidence such that a rational jury could find him not guilty of the greater offense and guilty of the lesser, the

district court erred in failing to instruct the jury to consider § 922(m) as a lesser-included offense.

## B.  Sentencing Issue

Finally, McCullough contends that the district court erroneously sentenced him under the felony provision in 18 U.S.C. § 924(a)(1)(D) because, he argues, Congress intended that all recordkeeping offenses committed by licensed firearms dealers be punished as misdemeanors pursuant to 18 U.S.C. § 924(a)(3). He relies on several district court cases but simply fails to accept that we have already rejected this argument. *See Rietzke*, 279 F.3d at 543-47. McCullough attempts to distinguish *Rietzke* on the ground that the defendant in that case pleaded guilty; this court, he says, merely held "that you get what you plead to." McCullough, however, misconstrues our decision. *Rietzke* does not hold that a defendant's guilty plea is the controlling factor in whether he should be sentenced under § 924(a)(1)(D) or § 924(a)(3). Rather, *Rietzke* concluded that "[p]rosecutors in their exercise of prosecutorial discretion are entitled to determine under which statute to proceed." *Id.* at 547. Thus, we rejected the theory that McCullough now embraces, and McCullough offers no argument not already considered and rejected in *Rietzke*.

## III.

Because the district court erroneously concluded that § 922(m) is not a lesser-included offense of § 922(b)(5) and thus did not so instruct the jury, we REVERSE McCullough's five convictions under § 922(b)(5) and REMAND the case to the district court. Additionally, because McCullough does not challenge his conviction for aiding and abetting another in willfully engaging in the business of dealing firearms without a license, 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D), we AFFIRM that conviction.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*