**133 Nev., Advance Opinion 81**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MAZEN ALOTAIBI,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 67380<br><br>**FILED**<br><br>NOV 09 2017<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, first-degree kidnapping, two counts of sexual assault with a minor under 14 years of age, two counts of lewdness with a child under 14 years of age, and coercion. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

*Affirmed.*

Gentile Cristalli Miller Armeni Savarese and Dominic P. Gentile and Vincent Savarese, III, Las Vegas,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Ryan J. MacDonald, Deputy District Attorney, Clark County,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, HARDESTY, J.:

In this appeal, we are asked to determine whether, under the statutory definitions existing in 2012, the offense of statutory sexual

seduction is a lesser-included offense of sexual assault when that offense is committed against a minor under 14 years of age.[1] Under the elements test, for an uncharged offense to be a lesser-included offense of the charged offense so that the defendant is entitled to a jury instruction on the lesser offense, all of the elements of the lesser offense must be included in the greater, charged offense. In applying the elements test in this case, we must resolve two issues related to the elements that make up the charged and uncharged offenses. First, we consider whether a statutory element that serves only to determine the appropriate sentence for the offense but has no bearing as to guilt for the offense is an element of the offense for purposes of the lesser-included-offense analysis. We hold that it is not. Second, we consider how to apply the elements test when a lesser offense may be committed by alternative means. We hold that the elements of only one of the alternative means need be included in the greater, charged offense to warrant an instruction on the lesser offense.

Applying these principles to the statutes at issue, we conclude that statutory sexual seduction, as defined in NRS 200.364(5)(a) (2009), is not a lesser-included offense of sexual assault even where the victim is a minor, NRS 200.366(1) (2007), because statutory sexual seduction

---

[1]The statutes defining statutory sexual seduction and sexual assault were amended in 2015. Under the 2015 amendments, any sexual penetration of a minor under the age of 14 is sexual assault, and it is no longer possible for statutory sexual seduction to be committed against a minor under the age of 14. Therefore, the analysis of the statutory elements in this opinion pertains only to the version of the statutes in place at the time the offenses were committed in 2012. *See* 2007 Nev. Stat., ch. 528, § 7, at 3255 (sexual assault, NRS 200.366(1)); 2009 Nev. Stat., ch. 300, § 1.1, at 1296 (statutory sexual seduction, NRS 200.364(5)).

contains an element not included in the greater offense. Thus, the district court did not err in refusing to give a lesser-included-offense instruction on statutory sexual seduction.[2]

## FACTS

On the morning of December 31, 2012, appellant Mazen Alotaibi arrived at the Circus Circus hotel where his friends had a room. In the hallway outside the hotel room, Alotaibi encountered A.D., a 13-year-old boy who was staying at the hotel with his grandmother. A.D. asked Alotaibi for marijuana, and they went outside the hotel to smoke it. Alotaibi made sexual advances toward A.D. in the elevator and outside the hotel, despite A.D.'s resistance. Alotaibi then offered A.D. money and marijuana in exchange for sex. A.D. testified that he agreed but intended to trick Alotaibi into giving him marijuana without engaging in any sexual acts.

---

[2]The two other arguments raised on appeal do not merit relief. First, as to the argument that trial counsel was ineffective, claims of ineffective assistance of counsel generally should be raised in postconviction proceedings in the district court, and we therefore decline to consider the argument in the first instance. *See Pellegrini v. State*, 117 Nev. 860, 883-84, 34 P.3d 519, 534-35 (2001). Second, as to the claim regarding the district court's denial of a motion for a new trial based on newly discovered evidence, we have considered the arguments on appeal and conclude that the district court did not abuse its discretion in denying the motion. *See State v. Carroll*, 109 Nev. 975, 977, 860 P.2d 179, 180 (1993) (reviewing a district court's decision to grant a motion for a new trial for an abuse of discretion); *Callier v. Warden, Nev. Women's Corr. Ctr.*, 111 Nev. 976, 990, 901 P.2d 619, 627-28 (1995) (explaining the four required components for granting a motion for a new trial based upon a recantation).

They went back to the hotel room where Alotaibi's friends were staying, and Alotaibi took A.D. into the bathroom and closed the door. Alotaibi told A.D. that he wanted to have sex and began kissing and touching him. A.D. testified that he told Alotaibi "no" and wanted to leave the bathroom but Alotaibi was standing between him and the door. A.D. testified that Alotaibi forced him to engage in oral and anal intercourse. After leaving the hotel room, A.D. reported to hotel security that he had been raped.

During his interview with the police, Alotaibi admitted meeting A.D. in the hallway of the hotel and stated that A.D. had asked him for money and weed. Alotaibi initially denied touching A.D. or bringing him into the bathroom, but then admitted engaging in the sexual acts in the bathroom of the hotel room. According to Alotaibi, it was A.D.'s idea to have sex in exchange for money and weed, A.D. went willingly with him into the bathroom and initiated the sexual acts, and Alotaibi did not force him.

Based upon this incident, Alotaibi was charged with numerous offenses, including two counts of sexual assault. In settling jury instructions, Alotaibi requested an instruction on statutory sexual seduction as a lesser-included offense of sexual assault, arguing that evidence indicated the victim consented to the sexual activity. The district court determined that statutory sexual seduction was not a lesser-included offense because it contained an additional element (the consenting person being under the age of 16) not required by sexual assault. Noting that there was evidence of consent to support the lesser offense, the district court instead offered to instruct the jury on statutory sexual seduction as a

lesser-related offense of sexual assault, but Alotaibi declined such an instruction.[3]

The jury found Alotaibi guilty of two counts of sexual assault with a minor under 14 and other offenses. Alotaibi now appeals from the judgment of conviction.

## *DISCUSSION*

Alotaibi contends that the district court erred in refusing to instruct the jury on statutory sexual seduction as a lesser-included offense of the charged offense of sexual assault with a minor because he presented evidence that the sexual conduct was consensual. We review the district court's settling of jury instructions for an abuse of discretion or judicial error. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005).

NRS 175.501 provides that a "defendant may be found guilty . . . of an offense necessarily included in the offense charged." We have held that this rule entitles a defendant to an instruction on a "necessarily included" offense, i.e., a lesser-included offense, as long as there is some evidence to support a conviction on that offense. *Rosas v. State*, 122 Nev. 1258, 1267-69, 147 P.3d 1101, 1108-09 (2006).

In determining whether an uncharged offense is a lesser-included offense of a charged offense so as to warrant an instruction pursuant to NRS 175.501, we apply the "elements test" from *Blockburger v. United States*, 284 U.S. 299 (1932). *Barton v. State*, 117 Nev. 686, 694,

---

[3]The district court was not required to give an instruction on a lesser-related offense, as the defendant is not entitled to such an instruction. *See Peck v. State*, 116 Nev. 840, 844-45, 7 P.3d 470, 472-73 (2000), *overruled on other grounds by Rosas v. State*, 122 Nev. 1258, 147 P.3d 1101 (2006).

30 P.3d 1103, 1108 (2001), *overruled on other grounds by Rosas*, 122 Nev. 1258, 147 P.3d 1101. Under the elements test, an offense is "necessarily included" in the charged offense if "all of the elements of the lesser offense are included in the elements of the greater offense," *id.* at 690, 30 P.3d at 1106, such that "the offense charged cannot be committed without committing the lesser offense," *id.* (quoting *Lisby v. State*, 82 Nev. 183, 187, 414 P.2d 592, 594 (1966)). Thus, if the uncharged offense contains a necessary element not included in the charged offense, then it is not a lesser-included offense and no jury instruction is warranted.

Alotaibi suggests that this court has already resolved the issue of whether statutory sexual seduction is a lesser-included offense of sexual assault with a minor in *Robinson v. State*, 110 Nev. 1137, 1138, 881 P.2d 667, 668 (1994). We disagree. Though *Robinson* contains statements to the effect that statutory sexual seduction is a lesser-included offense of sexual assault, the focus in that case was on whether a juvenile who had been certified to be tried as an adult also was an adult for purposes of statutory sexual seduction, which includes the defendant's age (18 years of age or older) as an element. *Robinson*, which was decided before this court clarified the test for determining whether an offense is a lesser-included offense in *Barton*, provides no analysis as to whether statutory sexual seduction is a lesser-included offense of sexual assault, and thus any statement on this issue is dictum.[4] Accordingly, *Robinson* is not

---

[4]Before *Barton*, there was a lack of clarity and consistency in Nevada caselaw as to how courts determine what constitutes a lesser-included offense. As explained in *Barton*, this court initially adopted the elements test in 1966 but then occasionally applied other tests that considered the particular facts of the case as well as the elements of the crimes. 117 Nev. at 689-92, 30 P.3d at 1105-07. *Barton* specifically

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

6

controlling on the issue of whether statutory sexual seduction is a lesser-included offense of sexual assault so as to entitle a defendant to an instruction on the lesser, uncharged offense. The issue thus has not been clearly resolved by this court.[5]

The statutes at issue raise several questions about how to apply the elements test. Specifically, the parties disagree about which elements are included in the lesser and greater offenses. Thus, before comparing the statutory elements of the two offenses, we must ascertain what elements actually comprise those offenses.

*Elements of the greater offense*

In 2012, NRS 200.366(1) proscribed sexual assault as follows:

> A person who subjects another person to sexual penetration, or who forces another person to make a sexual penetration on himself or another, or on a beast, against the will of the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his conduct, is guilty of sexual assault.

2007 Nev. Stat., ch. 528, § 7, at 3255. A separate subsection of that statute, NRS 200.366(3)(c), provided for a sentence of life with parole eligibility after 35 years if the offense was committed "against a child

---

*. . . continued*

disavowed the use of this "same conduct" approach and explicitly reaffirmed the *Blockburger* elements test. *Id.* at 694-95, 30 P.3d at 1108-09.

[5]We disavow any language in *Robinson* and our previous decisions suggesting that statutory sexual seduction is a lesser-included offense of sexual assault.

SUPREME COURT
OF
NEVADA

(O) 1947A

7

under the age of 14 years" and did not result in substantial bodily harm. *Id.* at 3255-56.

The State contends that the age of the victim is not an element of sexual assault for purposes of the lesser-included-offense analysis because the victim's age only goes to the sentence for the offense. Thus, the State argues, because statutory sexual seduction requires proof of the victim's age as an element while the offense of sexual assault does not, statutory sexual seduction is not a lesser-included offense.[6] Alotaibi argues that the State's decision to charge him with the offense of "Sexual Assault with a Minor Under 14 Years of Age" necessarily inserted the age of the alleged victim as an element of that offense and triggered the application of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

---

[6]The State contends that this court has already concluded as much in *Slobodian v. State*, 98 Nev. 52, 639 P.2d 561 (1982), *rejected by Barton*, 117 Nev. at 689 & n.9, 30 P.3d at 1105 & n.9. We disagree. In *Slobodian*, which concerned an earlier version of the sexual assault statute, this court held that statutory sexual seduction was not a lesser-included offense of sexual assault because "the crime of statutory sexual seduction requires a victim under the age of sixteen, while the age of the victim is irrelevant to the crime of sexual assault." 98 Nev. at 53, 639 P.2d at 562 (internal footnote omitted). The earlier version of the sexual assault statute in *Slobodian* defined sexual assault in the same way as the statute in Alotaibi's case, but differed in that it provided for a specific sentence only where the victim was under the age of 14 but contained no specific sentencing provision for a victim under the age of 16. *See id.*; 1977 Nev. Stat., ch. 598, § 3, at 1626-27. Under this earlier statute, if the victim was between the ages of 14 and 16, the victim's age was not relevant to either guilt or punishment. The *Slobodian* decision did not indicate whether the victim was under the age of 14. Thus, the *Slobodian* decision did not indicate whether the age of the victim is an element of sexual assault when the offense is *committed against a minor*.

We agree with the State that the age of the victim in the sexual assault statute is not an element of the offense for purposes of the lesser-included-offense analysis. We acknowledge that our prior decisions have been somewhat inconsistent in distinguishing elements required for a conviction from those that only affect sentencing in applying the elements test. For example, in *Rosas*, we included as elements of the lesser offense several factors that served only to elevate the offense from a misdemeanor to a gross misdemeanor. 122 Nev. at 1263, 147 P.3d at 1105. We take this opportunity to clarify that when an element goes *only* to punishment and is not essential to a finding of guilt, it is not an element of the offense for purposes of determining whether a lesser-included-offense instruction is warranted. *Cf. LaChance v. State*, 130 Nev. 263, 273-74, 321 P.3d 919, 927 (2014) (holding that an element that does not affect guilt but rather only determines the sentence is not an element of the offense for the purposes of *Blockburger*). To the extent that *Rosas* included elements only relevant to sentencing in its analysis under the elements test, we disavow any such application of the elements test.

Alotaibi's arguments regarding *Apprendi* do not alter our conclusion. In *Apprendi*, the United States Supreme Court considered whether the Sixth Amendment's guarantee of a jury trial requires that a jury, rather than a judge, determine any factor other than a prior conviction that increases the statutorily authorized sentence for an offense. 530 U.S. at 476. The Supreme Court held that, regardless of how a fact is designated by a legislature, any fact (other than a prior conviction) that authorizes the imposition of a more severe sentence than permitted by statute for the offense alone must be found by a jury beyond a reasonable doubt. *Id. Apprendi* did not address whether a sentencing

factor is an element of an offense when determining whether the offense is included within a greater offense, and Alotaibi cites no controlling authority applying *Apprendi* to double jeopardy or lesser-included-offense analysis.[7]

Here, the elements necessary to convict a defendant of sexual assault are contained solely in subsection 1 of NRS 200.366, whereas the age of the victim set forth in subsection 3 is a factor for determining the appropriate sentence for the offense. As clearly indicated by the statute's structure and language, the age of the victim is not essential to a conviction for sexual assault; it serves only to increase the minimum sentence that may be imposed. Thus, it is a sentencing factor and not an element of the offense for purposes of the elements test. As such, for purposes of the elements test, the offense of sexual assault, regardless of whether it was committed against a minor, has two statutory elements:

> (1) "subject[ing] another person to sexual penetration, or . . . forc[ing] another person to make a sexual penetration on himself or another, or on a beast,"
>
> (2) "against the will of the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or

---

[7]Notably, other courts have rejected the application of *Apprendi* to double jeopardy or lesser-included-offense analysis. *See, e.g., Smith v. Hedgpeth*, 706 F.3d 1099, 1106 (9th Cir. 2013) (holding that *Apprendi* did not clearly establish that a state court must "consider sentencing enhancements as an element of an offense for purposes of the Double Jeopardy Clause"); *People v. Alarcon*, 148 Cal. Rptr. 3d 345, 348 (Ct. App. 2012) (rejecting contention that *Apprendi* requires enhancements to be considered in determining whether an uncharged offense is necessarily included in a charged offense).

physically   incapable   of   resisting   or understanding the nature of his conduct."

2007 Nev. Stat., ch. 528, § 7, at 3255 (NRS 200.366(1)).

*Elements of the lesser offense*

Having identified the elements of the greater offense, we turn to the elements of the lesser offense. In 2012, statutory sexual seduction was defined in NRS 200.364(5) as:

> (a) Ordinary sexual intercourse, anal intercourse, cunnilingus or fellatio committed by a person 18 years of age or older with a person under the age of 16 years; or

> (b) Any other sexual penetration committed by a person 18 years of age or older with a person under the age of 16 years with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of either of the persons.

2009 Nev. Stat., ch. 300, § 1.1, at 1296. The statute therefore sets forth two alternative means of committing statutory sexual seduction: (a) engaging in sexual intercourse, anal intercourse, cunnilingus, or fellatio; or (b) engaging in *other sexual penetration* with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of either person. The parties disagree on how to apply the elements test where, as here, the statute provides different ways for a person to commit the offense. The State asserts that all of the elements of both alternative means of committing the lesser offense must be included in the greater offense, while Alotaibi focuses only on the elements of one of the alternatives, NRS 200.364(5)(a), that is most consistent with the sexual acts alleged in this case.

We conclude that where a statute provides alternative ways of committing an uncharged offense, the elements of only one of those

alternatives need to be included in the charged offense for the uncharged offense to be lesser included. *See* 6 Wayne R. LaFave, et al., *Criminal Procedure* § 24.8(e) (3d ed. 2007) ("When the lesser offense is one defined by statute as committed in several different ways, it is a lesser-included offense if the higher offense invariably includes at least one of these alternatives."). This approach comports with that taken by other jurisdictions that have considered this issue. *See, e.g., United States v. McCullough*, 348 F.3d 620, 626 (7th Cir. 2003) (holding that "alternative means of satisfying an element in a lesser offense does not preclude it from being a lesser-included offense"); *United States v. Alfisi*, 308 F.3d 144, 152 n.6 (2d Cir. 2002) (finding an offense to be a lesser-included offense "notwithstanding the existence of possible or alternative, and non-mandatory, elements in the lesser offense not contained in the greater offense"); *State v. Waller*, 450 N.W.2d 864, 865 (Iowa 1990) ("When the statute defines [a lesser] offense alternatively, . . . the relevant definition is the one for the offense involved in the particular prosecution."). In particular, we agree with the Second Circuit's reasoning in *Alfisi*, whereby the court rejected an "unnecessary and formalistic requirement on how [the legislature] drafts criminal statutes," opting instead to view no differently a statute drafted as a "singular but disjunctive whole" from a statute dividing the alternative elements "into several discreet and independent sections." 308 F.3d at 152 n.6. Likewise, here, the fact that the Legislature included the alternative means of committing statutory sexual seduction in disjunctive subsections of the statute does not preclude each alternative means from being a lesser-included offense.

Here, neither of the alternatives in NRS 200.364(5) is necessarily included in the offense of sexual assault. Both alternatives

SUPREME COURT
OF
NEVADA

(O) 1947A

12

include the age of the victim (under 16 years of age) as an element of the offense that is required for conviction. 2009 Nev. Stat., ch. 300, § 1.1, at 1296. As explained above, the age of the victim is not an element required for a conviction of the greater offense (sexual assault). The alternative set forth in NRS 200.364(5)(b) also includes an intent element that is not included in the greater offense—that the sexual act was committed "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of [the defendant or the victim]." *Id.* Therefore, under the elements test, statutory sexual seduction is not a lesser-included offense of sexual assault, and Alotaibi was not entitled to an instruction on statutory sexual seduction. As such, the district court properly refused to instruct the jury on statutory sexual seduction. We therefore affirm the judgment of conviction.

_____, J.
Hardesty

We concur:

_____, C.J.
Cherry

_____, J.
Gibbons

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Pickering

_____, J.
Stiglich

